**Larry HAYMON, Appellee,**

v.

**Gerald HIGGINS, Appellant.**

No. 87–2323.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1988.

Decided May 12, 1988.

\* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

Patrick King, Asst. Atty. Gen., Jefferson City, Mo., for appellant.

Howard B. Eisenberg, Carbondale, Ill., for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSON,\* Senior District Judge.

BOWMAN, Circuit Judge.

This appeal is from the District Court's order granting Larry Haymon a writ of habeas corpus. Haymon was found guilty on March 19, 1982, in the Circuit Court of St. Louis County of carrying a concealed weapon. He was sentenced to six years imprisonment. The conviction was affirmed on direct appeal. *State v. Hayman*[1], 671 S.W.2d 336 (Mo.Ct.App.1984) (per curiam).

At trial, the state offered evidence that on April 13, 1981, at approximately 1:00 a.m., Pagedale, Missouri, Police Officer Tony Gibson, then on patrol in an automobile, pulled over a green Chevrolet that he observed weaving and straddling lanes. As the Chevrolet stopped, Officer Gibson shined his spotlight into the rear window. He glimpsed the passenger in the right front seat bend slightly forward.[2]

---

1. We note the difference in spelling. "Haymon" appears on this Court's docket records.

2. Officer Gibson demonstrated that motion to the court and jury. However, no description of the demonstration appears in the record. De-

The driver exited the Chevrolet and walked back to Officer Gibson's patrol car, leaving the passenger seated in the right front seat. Officer Gibson arrested the driver for having a suspended operator's license, handcuffed him, and placed him in the police car. At that time, Officer Ricky Collins arrived on the scene, and Officer Gibson advised him that the passenger had made a suspicious move.[3] The officers asked the passenger, Larry Haymon, to step out of the Chevrolet. When radio information indicated there were two outstanding arrest warrants for Haymon, the officers arrested him.

Officer Gibson searched the Chevrolet. He discovered a .22 caliber revolver, with two hollow-point rounds in the chamber, located approximately five inches under the middle of the right front passenger seat. The weapon had not been visible to the officer when he looked into the floorboard area of the passenger seat. In the glove compartment, Gibson found a pill bottle containing fourteen hollow-point bullets, four round-nose bullets, and a black nylon stocking. Officer Gibson then arrested Haymon for carrying a concealed weapon. Haymon was formally charged, tried by jury, and convicted of this offense.

Haymon filed a petition for a writ of habeas corpus on February 26, 1987, in the United States District Court for the Eastern District of Missouri. The District Court referred the case to a United States Magistrate pursuant to 28 U.S.C. § 636(b). In an extensive Report and Recommendation, the Magistrate concluded that there was insufficient evidence to establish that all the essential elements of the offense were committed and recommended that Haymon's petition be granted. The District Court, without further analysis, adopted the recommendation and granted the writ.

█ The state appeals, asserting that, as a matter of federal constitutional law (as well as Missouri state law), the evidence was sufficient to sustain Haymon's conviction. We agree.

█ The applicable constitutional standard for determining evidentiary sufficiency, as set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319, 99 S.Ct. at 2789. This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* Further, Haymon's challenge to the sufficiency of the evidence in this case has been rejected by the Missouri Court of Appeals. *State v. Hayman,* 671 S.W.2d 336. That decision is entitled to deference by this Court. *See Jackson,* 443 U.S. at 323, 99 S.Ct. at 2791; *see also Thomerson v. Lockhart,* 835 F.2d 1257, 1259 (8th Cir.1987).

Turning to the specific facts of this case, a review of the record in the light most favorable to the prosecution convinces us that a rational factfinder could have found Haymon guilty beyond a reasonable doubt of the crime charged. The state makes a *prima facie* case of carrying a concealed weapon when it establishes: a) the carrying of a dangerous or deadly weapon, b) concealed on or about the person, c) along with an intent to so conceal. *State v. Shaw,* 647 S.W.2d 612, 613 (Mo.Ct.App. 1983). Whether the weapon is on or about the person is determinable by whether it is in such close proximity so as to be within the defendant's easy reach and convenient control. *State v. Achter,* 514 S.W.2d 825, 827 (Mo.Ct.App.1974).

█ It is undisputed that Officer Gibson found a loaded .22 caliber revolver approximately five inches under the middle of the passenger seat in which Haymon was seated. Further, the weapon had not been

---

fense counsel pointed out, on cross-examination, that Gibson had written in his police report that he observed the passenger in the right front seat "bending over and appeared [sic] he was placing something under the front seat." Trial Transcript at 40 [hereinafter Tr.].

**3.** On cross-examination, Collins testified that Gibson told him "the passenger bent over and placed something under the seat or made a motion under the seat." Tr. at 66.

visible to the officer when he looked into the floorboard area of the passenger seat. Direct and cross-examination of Officers Gibson and Collins established that Gibson had observed Haymon bend forward as the Chevrolet rolled to a stop, and that he appeared to be placing something under the seat.[4] Gibson demonstrated to the jury what he had observed Haymon doing. Based on this record, a rational trier of fact reasonably could have found that Haymon carried a concealed weapon.[5] Accordingly, the decision of the District Court is reversed and its order granting Haymon a writ of habeas corpus is vacated.

---

**4.** Haymon asserts that there is no substantive evidence that he placed the weapon under the seat. While no specific evidentiary issues were raised in this appeal, he argues that, because only Officer Gibson's prior inconsistent statements and hearsay so indicate, the remaining evidence is insufficient to support such a finding. We find this argument to be without merit.

Specifically, we do not find Officer Gibson's police report or his statements to Officer Collins to be inconsistent with his sworn testimony on direct examination. Further, under Missouri law, even assuming that Collins's testimony did include hearsay statements, where hearsay testimony is brought out by the defendant on cross-examination or in his case-in-chief, he waives any protection normally afforded by the rule limiting hearsay to impeachment purposes. Such evidence may be considered for all purposes. *See State v. Nimrod,* 484 S.W.2d 475, 479 (Mo.1972); *State v. Thomas,* 440 S.W.2d 467,

470 (Mo.1969). While some factfinders might have discounted this evidence in the first instance, the jury that tried Haymon was free to give it weight. It is not the function of the reviewing federal court to reweigh the evidence or determine questions of credibility. *See United States ex rel. Foster v. DeRobertis,* 741 F.2d 1007, 1014 (7th Cir.1984), *cert. denied,* 469 U.S. 1193, 105 S.Ct. 972, 83 L.Ed.2d 975 (1985).

**5.** Haymon also argues that, even if the evidence is sufficient to prove that he placed the revolver under the car seat, there is no evidence that it was placed in such close proximity so as to sustain a conviction under the Missouri statute. We agree with the Magistrate that "the evidence established without a doubt that there was a dangerous weapon concealed within easy reach and control of" Haymon. Report and Recommendation of United States Magistrate at 7.