**UNITED STATES of America, Appellee,**

v.

**Waldo B. SCHOENHEIT, Appellant.**

**No. 87–2082.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1988.
Decided Sept. 8, 1988.

Edmund T. Shine, Kansas City, Mo., for appellant.

Peter M. Ossorio, Kansas City, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HARRIS,* Senior District Judge.

* The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

McMILLIAN, Circuit Judge.

Waldo P. Schoenheit appeals from a final judgment entered in the District Court [1] for the Western District of Missouri upon his conviction for possession of marijuana under 21 U.S.C. § 841. For reversal, Schoenheit argues that the district court erred in (a) denying his motion to suppress because the search warrant, executed at night, violated Fed.R.Crim.P. 41(c)(1) and (h) and his fourth amendment right against unreasonable searches and seizures, and (2) applying the prejudicial error test.

The property searched had initially come to the attention of the Platte County Missouri Sheriff's Office on November 18, 1985, when an adjacent property owner had reported discovering a cultivated marijuana field on the property and had taken two officers to see the field.[2] Also, in October 1986 the Drug Enforcement Administration (DEA) had contacted the sheriff's office with information regarding possible marijuana cultivation on the farm.

On November 7, 1986, around 2:30 p.m., a DEA agent, a Platte County detective, and two sheriff deputies conducted a walk-on of the farm and observed some marijuana plants growing. This observation, in conjunction with the officers' suspicions that federal fugitives were at the farm residence, led the officers to immediately seek a state search warrant for execution that day. Moreover, because the marijuana had been harvested and the weather forecast called for freezing rain and or snow, the agents and officers were concerned that the marijuana would be moved over the forthcoming weekend.[3] At 7:20 p.m. a Platte County circuit judge signed the warrant, authorizing a search by day or night.

The search team arrived at the farm around 8:15 p.m. and took approximately over two hours to surround the farm and prepare for the search. It took over two hours because before the officers could start their final approach to the house, a detective who had wandered too close to the house led the officers to believe he was a guard posted at the front of the house. This delayed their actions approximately forty minutes. Around 10:10 p.m. an officer announced to those inside the house "Platte County Sheriff's Department." He did not, however, receive a response. Other law enforcement officers were then summoned to the house in the hopes that their vehicle headlights would rouse the occupants inside the house. The officers arrived around 10:15 p.m. Stirred by the headlights, Schoenheit and another individual emerged from the house. Both men were arrested. Around 10:30 p.m. the searching officers entered the house and executed the warrant. The search yielded approximately three hundred and forty pounds of completely processed marijuana, approximately three hundred and fifty pounds of marijuana in the process of drying, and three firearms.

On November 18, 1986, a grand jury returned a three-count indictment against Schoenheit and another individual charging them with intentional possession with intent to distribute marijuana in excess of one hundred kilograms (Count I and II), and conspiracy to distribute and to possess with intent to distribute marijuana (Count III). On November 19, 1986, Schoenheit filed a motion to suppress all evidence seized during the search and all statements taken, based on the grounds of a violation of Fed.R.Crim.P. 41(c)(1) and (h),[4] and the fourth amendment. Hearings were held on

---

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

2. The marijuana had been harvested, consequently, an investigation was not pursued at that time.

3. After leaving the farm the DEA agent called in yet another DEA agent experienced in executing search warrants in marijuana-growing operations.

4. Fed.R.Crim.P. 41(c)(1) in part provides "[t]he warrant shall be served in the daytime unless the issuing authority, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at times other than daytime." "Daytime" is defined in the rule to mean the hours from 6:00 a.m. to 10:00 p.m. Fed.R. Crim.P. 41(h).

November 24, 1986, and on January 23, 1987. On January 23, 1987, the magistrate [5] filed his report and recommendation. The magistrate agreed that the government violated Schoenheit's constitutional rights by conducting a nighttime search absent showing reasonable cause. The magistrate, however, found the government's violation was inadvertent error and thus excusable. He thereby recommended that the district court deny Schoenheit's motion to suppress. Thereafter, the district court denied the motion. Schoenheit entered a conditional plea of guilty to the conspiracy charge (Count III) on May 27, 1987. On July 29, 1987, the district court sentenced Schoenheit to five years imprisonment. This appeal followed.

Schoenheit first argues that the district court erred in denying his motion to suppress evidence because the search warrant executed at night failed to comply with Fed.R.Crim.P. 41(c)(1) and (h) and thus violated his fourth amendment right against unreasonable searches and seizures. Schoenheit alleges that the warrant was defective because no reasonable cause was shown to the state magistrate to justify a nighttime search.

■ In reviewing the district court's determination made in the context of a motion to suppress, we apply the clearly erroneous standard of review. *United States v. Lewis*, 738 F.2d 916, 920 (8th Cir.1984), *cert. denied*, 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985). Under this standard, we affirm the decision of the district court unless it is not supported by substantial record evidence, it reflects an erroneous view of the applicable law, or, upon review of the entire record, we are left with a definite and firm conviction that a mistake has been made. *Id.; see also United States v. Ross*, 713 F.2d 389, 392 (8th Cir.1983). We reject Schoenheit's contention that the district court erred.

■ The district court through the adoption of the magistrate's report and recommendation, found, and we agree, that there was substantial and significant federal involvement in the search of the farm. *United States v. Sturgeon*, 501 F.2d 1270, 1273–75 (8th Cir.), *cert. denied*, 419 U.S. 1071, 95 S.Ct. 659, 42 L.Ed.2d 667 (1974) (if there is significant federal involvement in the search, state searches may be characterized as federal in character, and thus subject to federal procedures). Here a DEA agent had contacted the sheriff's office regarding the farm, accompanied the sheriff on the walk-on of the farm, and two DEA agents were two of the affiants whose affidavits were offered in support of the search warrant. The district court therefore analyzed the legality of the search and seizure as if it had been made by federal officers thus subjecting it to the federal procedures set forth in Fed.R.Crim. P. 41(c)(1). *See also United States v. McCain*, 677 F.2d 657, 662 (8th Cir.1982). The district court found that the warrant provided for execution at night but that the application and affidavits supporting the warrant showed no reasonable cause authorizing execution at times other than daytime. The district court further found that a DEA agent who participated in the search testified that he was aware of no reason compelling a nighttime search. We agree and hold that the search failed to meet the prerequisites of Rule 41. The matter, however, is not ended by our holding that there was significant federal involvement in the search and that the procedural requirements of Rule 41 were not met.

■ Noncompliance with Fed.R.Crim.P. 41 prerequisites does not automatically require the exclusion of evidence in a federal prosecution. *United States v. Brown*, 584 F.2d 252, 258 (8th Cir.1978), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1220, 59 L.Ed.2d 458 (1979) (*Brown*). This court in *United States v. Burgard*, 551 F.2d 190, 193 (8th Cir.1977) (*Burgard*), adopted the prejudicial error rule set forth in *United States v. Burke*, 517 F.2d 377, 386–87 (2d Cir. 1975) (*Burke*) regarding violations of Fed.

---

**5.** The Honorable Calvin K. Hamilton, United States Magistrate for the Western District of Missouri.

R.Crim.P. 41 and in determining whether or not suppression of the evidence is warranted. The *Burke* court held that the exclusion of evidence obtained by a search warrant executed by state officials was not required unless the search would not have otherwise occurred or would not have been so abrasive if the Rule had been followed or there was evidence of an intentional and deliberate disregard of Fed.R.Crim.P. 41. *Id.* at 386–87; *e.g., Brown*, 584 F.2d at 259 (exclusion of evidence from search conducted by state and federal officials was not required, although state search warrant was neither requested by federal officers nor directed to federal officers for execution in compliance with Rule 41).

We agree that Schoenheit has failed to demonstrate the search would not have occurred if the requirements of Fed.R.Crim.P. 41 had been met. There was no evidence in the record to show that the search would not have occurred if the sheriff had acted absent federal participation. Further, there was no showing that the search would have been less abrasive had it occurred before 10:00 p.m. or the following morning at or after 6:00 a.m. Here the execution of the search warrant was delayed approximately forty minutes when the detective wandered too close to the house. This delay prevented the warrant from being executed before 10:00 p.m. Moreover, Schoenheit was not awakened in the middle of the night while in bed, and he answered the door on his own volition. As the magistrate noted "it is difficult to imagine that a search in broad daylight would have been any less abrasive than was this search." We thus hold that the district court did not err in denying Schoenheit's motion to suppress.

Schoenheit nonetheless argues that the district court erred in applying the *Burke* and *Burgard* prejudicial error standards because nighttime searches are constitutional violations and thus are excluded from the prejudicial error test, citing *Burke*, 517 F.2d at 386, n. 11, citing the American Law Institute *Model Code of Pre-arraignment Procedure* 219 Commentary (Official Draft No. 1 1972) Schoenheit contends that it is a matter of first impression

for this court to apply the *Burke* standard of prejudicial error where the affiants failed to show any cause, and where the issuing magistrate failed to find with particularity on the face of the warrant, any cause for the nighttime search.

Here, the district court found, and we agree, that

> Rule 41 and the Fourth Amendment are not coextensive, however, as *Burke* and *Burgard* make clear. While the time of the search is a relevant consideration in determining whether a search is reasonable under the Constitution, the court is aware of no authority for concluding that a search is *per se* unconstitutional simply because it was conducted after 10:00 p.m.

*United States v. Schoenheit*, No. 86–06010–01–CR–W–6, slip op. at 2 (W.D.Mo. July 23, 1987); *see also United States v. Searp*, 586 F.2d 1117, 1122–25 (6th Cir. 1978), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979) (requirement of Rule 41(c) to conduct searches during the daytime is procedural rather than a substantive requirement and not required by the fourth amendment). We thereby hold that suppression is not automatic and the prejudicial error test controls. *Burgard*, 551 F.2d at 193; *see also United States v. Gatewood*, 786 F.2d 821, 824–25 (8th Cir. 1986).

In conclusion, under these circumstances, we hold that we find no prejudice to Schoenheit from the failure to follow the rule, or any evidence of the intentional and deliberate disregard of the provisions of the rule, which would justify the suppression of the evidence seized. Accordingly, the judgment of the district court is affirmed.