UNITED STATES of America, Appellee,

v.

Terry L. SCHWARCK, Appellant.

No. 91–1441.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1991.

Decided April 6, 1992.

Rehearing Denied May 5, 1992.

William M. Berlowitz, Lincoln, Neb., argued, for appellant.

William W. Mickle, II, Omaha, Neb., argued (Ronald D. Lahners and William W. Mickle, II, on the brief), for appellee.

Before McMILLIAN, FAGG, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Terry L. Schwarck appeals his sentence for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. We affirm.

## I.

Between January and December of 1987, Schwarck sold cocaine to a number of people, some of whom in turn resold cocaine to others. On January 18, 1990, a grand jury returned indictments against Schwarck and three co-conspirators, charging each of them with five narcotics-related offenses. Count I of the indictment, to which Schwarck entered his guilty plea, charged that Schwarck had conspired to distribute more than 500 grams of cocaine.

The district court[1] found that Schwarck could reasonably have foreseen that he and his co-conspirators would distribute at least five kilograms of cocaine. The district court had presided at the trial of co-conspirator Wayne Olderbak, at which Schwarck testified as a prosecution witness. At sentencing, the district court acknowledged that it had taken Schwarck's *Olderbak* trial testimony into account in making its findings.

Schwarck's offense level and criminal history category yielded a sentencing range of 135 to 168 months' imprisonment. The district court granted the government's motion for downward departure based upon Schwarck's substantial assistance and sentenced Schwarck to 100 months' imprisonment.

## II.

Schwarck contends that he was denied due process when the district court considered testimony from the *Olderbak* trial. Although Schwarck attempts to frame his objections in terms of a confrontation clause issue, we do not read the record as supporting such a claim. Rather, we view the district court's statements as indicating that it had based its findings on the basis of Schwarck's trial testimony, which it was entitled to do. *See United States v. Roberts*, 953 F.2d 351, 354 (8th Cir.1992); *United States v. Lowrimore*, 923 F.2d 590, 594 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 2018, 114 L.Ed.2d 105 (1991); *United States v. Castellanos*, 904 F.2d 1490, 1496 (11th Cir. 1990).

Schwarck next contends that the record does not support a finding that he was responsible for more than five kilograms of cocaine. Schwarck acknowledges that the 500 grams attributable to him personally and the one kilogram amounts attributable to each of two co-conspirators

---

1. The Honorable Warren K. Urbom, United States Senior District Judge for the District of Nebraska.

were reasonably foreseeable to him. He disputes responsibility for the six to ten kilograms distributed by other co-conspirators, arguing that there is no evidence to show that he was responsible for these larger amounts of cocaine.

■ A district court's finding as to the amount of drugs attributable to a defendant is a finding of fact which we overturn only if it is clearly erroneous. *See* 18 U.S.C. § 3742(e); *United States v. Brett*, 872 F.2d 1365, 1371 (8th Cir.), *cert. denied*, 493 U.S. 932, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989). Having reviewed the record, we cannot say that the district court's finding is clearly erroneous.

■ Last, Schwarck claims that there is insufficient evidence to warrant the finding that he was a manager or supervisor in the conspiracy. He argues that he was merely a go-between in the sale of cocaine and that the presentence report was wrong in stating that he had decision-making authority.

■ We will reverse a determination of a defendant's role in criminal activity only if it is clearly erroneous. *See* 18 U.S.C. § 3742(e); *United States v. Roberts*, 953 F.2d at 354; *United States v. Olesen*, 920 F.2d 538, 543 (8th Cir.1990). The purpose of the upward adjustment for being a manager or supervisor is to punish persons who, because of their role in the offense, tended to profit more from the offense and present a greater danger to the public or are more likely to recidivate. U.S.S.G. § 3B1.1 comment. (backg'd.).

Schwarck bought cocaine from individuals who brought large quantities of the drug into Nebraska. In turn, he sold the cocaine to others, some of whom resold the cocaine to ultimate users. He shared in the profits by receiving a portion of the drug he sold. He decided when he would sell cocaine and to whom he would sell it. Given the broad definition of those who are subject to enhanced sentences under section 3B1.1, *United States v. Harry*, 960 F.2d 51 (8th Cir.1992); *United States v. Collar*, 904 F.2d 441, 442 (8th Cir.1990), we cannot say that the district court erred in

finding that Schwarck acted as a manager or supervisor.

We express our appreciation to appointed counsel for his efforts on Schwarck's behalf in this appeal.

The sentence is affirmed.