**UNITED STATES of America, Appellee,**

v.

**Jack H. CLARK, Appellant.**

**No. 92–1311.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 10, 1992.

Decided Nov. 5, 1992.

D.J. Smith, Cedar Rapids, Iowa, argued, for appellant.

Patrick J. Reinert, Cedar Rapids, Iowa, argued, for appellee.

Before BEAM, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judges.

PER CURIAM.

Jack Clark appeals his conviction and sentence for manufacturing marijuana and for using a firearm during the offense. He was tried by a jury, found guilty, and sentenced to thirteen years and one month incarceration. We affirm.

Acting on anonymous tips that Clark was growing marijuana on property where he occasionally resided, a Hamilton County Deputy Sheriff conducted air surveillance of that property in an Iowa National Guard helicopter. He saw marijuana growing in a partially enclosed roofless structure on the property. The deputy sheriff then obtained a search warrant. Six plots of growing marijuana were discovered on the property. Evidence, including a loaded 12–gauge shotgun, a loaded .38 caliber revolver, and growing equipment, was seized from Clark's house, outbuildings, and pick-up truck. Clark moved to suppress the evidence on the grounds that: 1) the aerial surveillance constituted an illegal search and 2) the destruction of the marijuana

plants by the Hamilton County authorities[1] contravened the exculpatory evidence rule of *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963),[2] and violated Clark's limited constitutional right to access to the evidence.

In ruling on the motion to suppress, the magistrate judge found that the search was not illegal under the standards set forth in *Florida v. Riley*, 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989) and *California v. Ciraolo*, 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986). *United States v. Clark*, No. CR 90–3015, Report and Recommendation at 7–8 (N.D.Iowa Sept. 4, 1991). He found that Clark had no reasonable expectation of privacy, noting that the area has an extraordinary amount of low-altitude air traffic. *Id.* He expressly discounted the testimony by Clark and his friend that the helicopter had hovered immediately over the treetops for a long period of time. *Id.* at 7. With respect to the destruction of evidence, the magistrate judge found that the destroyed evidence could not reasonably be viewed as exculpatory and, finding no bad faith by the government, recommended that the motion to suppress be denied. *Id.* at 9–11. The district court later adopted the report and recommendation of the magistrate judge, overruling Clark's objections. *United States v. Clark*, No. CR 90–3015, Order at 11 (N.D.Iowa Oct. 28, 1991).

Clark proceeded to trial and was found guilty of manufacture of marijuana and of use of a firearm during a drug transaction. Over Clark's objection, the jury was given an aiding and abetting instruction. Clark was sentenced to 97 months incarceration on the manufacturing marijuana charge. On the firearms count, the court imposed the mandatory minimum sentence of 60 consecutive months.

---

**1.** A total of 767 plants, weighing 920 pounds, were seized from the farm. Evidence shows the sheriff was concerned about fire and theft danger while the marijuana was in storage and wanted it destroyed. Counsel for Clark declined to consent to destruction, and the Hamilton County Attorney sought, and obtained, an *ex parte* order of destruction. All but one plant from each of the six plots were destroyed.

**2.** "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution". *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963).

For reversal, Clark argues 1) there was insufficient evidence on the firearm count; 2) there was insufficient evidence to support an aiding and abetting instruction; 3) the district court erred in denying his motion to suppress; and 4) the district court misapplied the guidelines in basing the quantity of marijuana involved in the offense on plants which had been destroyed.

■ After review of the record, we are satisfied that there is enough evidence to support the jury's verdict on the firearm count. When reviewing for sufficiency, we examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. *United States v. Ivey*, 915 F.2d 380, 383 (8th Cir.1990). The mere presence and ready availability of a firearm at a house where drugs are dealt constitutes "use" of a gun during a narcotics offense. *United States v. Drew*, 894 F.2d 965, 968 (8th Cir.), *cert. denied*, 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990). A loaded .38 caliber pistol was found in Clark's truck and a loaded 12–gauge shotgun was found in Clark's house. The jury obviously chose not to believe Clark's defense that these weapons were only used for hunting. We will not upset the jury's finding.

■ We also find the evidence sufficient to support an aiding and abetting instruction. It is well established that a defendant may be convicted of aiding and abetting even though he was not charged in that capacity. *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir.1986). Aiding and abetting is an alternative charge in every count, whether implicit or explicit. *Id.* To convict under the aiding and abetting statute, 18 U.S.C. § 2, the government need only prove that the defendant associated himself with the unlawful venture, participated in it as something he wished to bring about, and by his action sought to make the activity succeed. *United States v. Brim*, 630 F.2d 1307, 1311 (8th Cir.), *cert. denied*, 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1980). To obtain a conviction for aiding and abetting, the government need not prove the actual identity of the principal, provided the evidence

shows that the underlying crime was committed by someone. *United States v. Horton*, 921 F.2d 540, 543 (4th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2860, 115 L.Ed.2d 1027 (1991).

■ Although in this case the identity of a principal other than Clark is unknown, there is evidence that Clark once accompanied a person to the plots where the marijuana was grown. In addition, the fact that marked packets of marijuana seeds and growing records were found in Clark's shed supports the theory that Clark made his residence and outbuildings available for manufacture of marijuana. The evidence establishing Clark's guilt on the aiding and abetting count, although certainly not overwhelming, supports submission of the issue to a jury. *See, e.g., Ivey*, 915 F.2d at 384 (evidence that defendant drove the principal to a Federal Express office sufficient to submit aiding and abetting in a cocaine conspiracy case).

■ A district court has wide discretion in formulating appropriate jury instructions. *United States v. Walker*, 817 F.2d 461, 463 (8th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 134 (1987). We find no abuse of that discretion here.

■ We agree with the reasoning of the district court on the suppression issue. With respect to the search, the holding that Clark had no expectation of privacy in the plots of marijuana was premised on factual findings which we will not disturb unless clearly erroneous. *See United States v. Schoenheit*, 856 F.2d 74, 76 (8th Cir.1988). The district court expressly rejected Clark's testimony regarding the altitude of the helicopter and found heavy low-altitude air traffic over the site. It is not the function of this court to reweigh evidence or determine issues of credibility. *Haymon v. Higgins*, 846 F.2d 1145, 1147 n. 4 (8th Cir.1988). The district court's analysis and application of *Florida v. Riley*, 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989) and *California v. Ciraolo*, 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986) is consistent with our interpretation of those cases. *See United States v. Hendrickson*,

940 F.2d 320, 323–24 (8th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 610, 116 L.Ed.2d 633 (1991).

█ We also defer to the district court's findings with respect to the destruction of evidence. The government's destruction of evidence does not amount to a denial of due process unless the government acted in bad faith, the evidence had exculpatory value and comparable evidence was not available to the defendant. *United States v. Malbrough,* 922 F.2d 458, 463 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2907, 115 L.Ed.2d 1071 (1991). We will not disturb the district court's factual findings of no bad faith and no exculpatory evidence.

█ Clark also asserts the district court erred in determining that the quantity of marijuana involved for sentencing purposes was 767 marijuana plants, since the actual plants had been destroyed. The determination of drug quantity is a factual finding which will not be disturbed unless clearly erroneous. *United States v. Lawrence,* 915 F.2d 402, 406 (8th Cir.1990). We are troubled by the actions of the Hamilton County Attorney in destroying the seized evidence. We nonetheless find that the district court's finding of quantity is not clearly erroneous. The district court's quantity determination was based on videotapes of the growing marijuana and the testimony of deputies who had counted the marijuana plants. We note that Clark conceded responsibility for 501 plants, representing the number of plants seized from the plots located near his house. The finding that Clark was responsible for all the plants is supported by evidence of similarity in manner of cultivation of all the plants. This evidence, adduced at the sentencing hearing and at trial, connected Clark to all the plots of marijuana.

For the reasons stated above, we affirm.

BEAM, Circuit Judge, concurring specially, with whom LOKEN, Circuit Judge, joins.

Although I concur in the result reached in this case, I write separately to express my discomfort with the aiding and abetting instruction and with the verdict form used in this case. Aiding and abetting was not charged in the indictment. My review of the record shows that the government prosecuted this case throughout the trial as if Clark were the principal. One cannot aid and abet himself. *United States v. Horton,* 921 F.2d 540, 543 (4th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2860, 115 L.Ed.2d 1027 (1991). The request for an aiding and abetting instruction appears to have been an eleventh-hour attempt at a fallback theory of liability. Clark's defense was based on the idea that, since he did not own the land and did not reside there most of the time, the marijuana could have been planted by someone else. Advance knowledge of the government's intention to pursue an aiding and abetting theory might have changed Clark's defense strategy. Although I agree that the facts are sufficient, though barely, to warrant submission of an aiding and abetting instruction to the jury, I would be more comfortable with the government's actions had Clark been afforded notice of the government's intention to proceed on an aiding and abetting theory.

The verdict form used in the case does not show whether the jury convicted Clark of committing the principal act or of aiding and abetting it. In this case, the distinction is of no consequence and constitutes harmless error because the evidence was sufficient to convict under either theory. Use of a special verdict form would obviate the potential for reversible error in a case where the evidence did not support a conviction as to either one or the other.

In addition, I note that, even though aiding and abetting is presumed in every indictment, last minute government tactics of this sort could, in another case, run afoul of constitutional fair notice requirements. *See, e.g., United States v. Galloway,* 976 F.2d 414, 438 (8th Cir.1992) (Bright, J., dissenting).