980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Ronald Sherman RITCHIE, Appellant.
 No. 92-1655.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1992.
Filed: December 14, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ronald S. Ritchie appeals the twenty-eight month sentence he received after pleading guilty to a drug offense. Ritchie argues that the district court[1] erred in calculating the quantity of drugs used to establish his base offense level for sentencing purposes under § 2D1.1 of the Guidelines. We affirm.
 
 
 2
 Ritchie pleaded guilty to one count of conspiring with Alvaro Alvarez and a third person to distribute cocaine. At his plea hearing, Ritchie testified that he provided a scale which Alvarez used in selling cocaine powder to a third person, who turned out to be an undercover agent. The presentence report (PSR) recommended including the seven ounces of cocaine powder Alvarez had in his possession on that occasion, as well as three grams of cocaine base Ritchie had allegedly sold to Scott Loiselle some months earlier. Ritchie objected to the PSR, contending that he did not observe the transaction between Alvarez and the agent, did not know Alvarez dealt in substantial quantities, and therefore could not foresee that the transaction would involve more than one to three ounces of cocaine powder. He also denied knowing Loiselle and asserted that any cocaine base sales were not relevant conduct.
 
 
 3
 After hearing the testimony of Ritchie, Loiselle, and an investigating officer, the district court included the five ounces of cocaine powder that Alvarez had weighed on Ritchie's scale and sold to the undercover agent, plus two grams of cocaine base sold to Loiselle. Based upon these quantities, the court assessed a base offense level of 22 under § 2D1.1(c)(11) (at least 60 but less than 80 kilograms of marijuana equivalent), and subtracted two levels for Ritchie's minor role in the offense and two levels for his acceptance of responsibility. This produced a total offense level of 18 and a sentencing range of 27 to 33 months.
 
 
 4
 On appeal, Ritchie first argues that the Court erred in including the five ounces of cocaine powder because he could not reasonably foresee that Alvarez would sell that much cocaine to the undercover agent. A district court's finding on drug quantity will be reversed only if it is clearly erroneous. See United States v. Schwarck, 961 F.2d 121, 123 (8th Cir. 1992). Given Ritchie's admission that he provided his scale knowing Alvarez and the agent would engage in a cocaine transaction, the district court's decision to include the cocaine actually sold to the agent was not clearly erroneous.
 
 
 5
 Ritchie next argues that the district court erred in finding that his crack cocaine sales to Loiselle were relevant conduct, that is, "acts ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Having reviewed the testimony of Loiselle, which the district court credited, we conclude that the court's relevant conduct finding was not clearly erroneous. See United States v. Lawrence, 915 F.2d 402, 407-08 (8th Cir. 1990) (additional drug transactions become relevant conduct when they are sufficiently similar and close in time to form a pattern of criminal conduct).
 
 
 6
 Finally, Ritchie asserts there was insufficient evidence that he sold cocaine base to Loiselle because there was no evidence the substance was water soluble. Loiselle testified that he bought "rock cocaine" or "crack," which he smoked. We have expressly refused to adopt a precise chemical definition of cocaine base. See United States v. Wheeler, No. 92-1024, slip op. at 6 (8th Cir. Aug. 13, 1992) (Congress and the Sentencing Commission intended "cocaine base" to include "crack" or "rock cocaine" that can be smoked). The District Court's finding that Ritchie sold cocaine base to Loiselle was not clearly erroneous.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE CHARLES R. WOLLE, Chief Judge, United States District Court for the Southern District of Iowa