5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA, Appellee,
v.
Jack T. DAUGHENBAUGH, Appellant.
 No. 93-2235.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 20, 1993.
Filed: September 8, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jack T. Daughenbaugh (appellant) appeals his conviction and sentence following his conditional guilty plea to drug and weapons charges. We affirm.
 
 
 2
 On March 17, 1992, a grand jury returned a three-count indictment against appellant, charging him with (1) conspiring to manufacture marijuana; (2) manufacturing marijuana; and (3) using firearms during and in relation to a drug trafficking offense. Appellant moved to suppress evidence obtained from a September 19, 1990 search of his cabin, which uncovered processed marijuana, marijuana plants, several weapons, and his driver's license. He argued that the warrant authorizing the search was not supported by probable cause, and that the government violated Federal Rule of Criminal Procedure 41(a) by obtaining the warrant from a Benton, Arkansas, Municipal Court judge, because Benton Municipal Court is not a "state court of record" within the meaning of the Rule.
 
 
 3
 DEA agent Larry Carver prepared the affidavit accompanying the warrant application. The affidavit provides that on September 18, 1990, the Arkansas State Police (ASP) received a tip from a reliable informant concerning a marijuana growing operation in rural Saline County. The ASP considered the informant reliable because it had received tips from him in the past that had been confirmed. The informant took ASP officers to the site, showed them the marijuana plants, and stated that the plants were being watered from a cabin down a well-traveled path from the field. The informant also indicated that some of the marijuana had been sold. ASP investigators contacted DEA agents, and the officers later walked into the woods behind the cabin. In the woods south of the cabin, they observed a path leading away from the residence. A garden hose was stretched along the path. The agents saw marijuana plants in plots along the side of the path. The garden hose and the path both lead back to the residence. The next day ASP investigators and DEA agents set up a surveillance at the growing site. They moved in when they spotted three suspects emerge from the cabin and attempt to leave the area. Officers arrested one suspect and two others fled. Carver concluded by stating that in his experience, marijuana growers generally harvest their crops in the fall; that the crops are sold as they are harvested; and that growers usually keep in their residences money from marijuana sales, records of customers, records of the growth of crops and scales.
 
 
 4
 Following a hearing, the district court[1] denied the motion to suppress. Regarding the decision to obtain the warrant from the Municipal Court judge, the court determined that Carver had not acted in bad faith and that appellant had not suffered any unfair prejudice because the state judge issued the warrant. The court also rejected appellant's contention that the affidavit was deficient because the informant's reliability had not been established and found sufficient probable cause to support issuance of the warrant.
 
 
 5
 Appellant then entered a conditional guilty plea to the indictment. The presentence report (PSR) calculated his base offense level as 28, determining that officers seized 423 marijuana plants and 127.3 grams of processed marijuana from the growing site. Appellant objected, contending that only 200 plants were present. Following a hearing, the district court overruled appellant's objection. After deducting two levels for acceptance of responsibility, the court found that appellant's total offense level was 26 and his criminal history category was I, yielding a sentencing range on the drug offenses of 63 to 78 months. The court sentenced appellant to 63 months on the drug counts and the mandatory consecutive 60 months on the weapons charge.
 
 
 6
 On appeal, appellant contends the district court erred by denying his motion to suppress because (1) the affidavit submitted in support of the warrant application failed to establish probable cause; and (2) Carver obtained the warrant from a Municipal Court judge in violation of Rule 41(a). He also argues that the district court clearly erred by overruling his objection to the drug quantity determination.
 
 
 7
 Before issuing a search warrant, a judicial officer must decide whether, in light of the facts set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. See Illinois v. Gates, 462 U.S. 213, 238 (1983). The reviewing court's duty is to ensure that the judge or magistrate had a substantial basis for finding probable cause. Id. at 238-39. We review the district court's factual findings for clear error. United States v. Maholy, No. 92-3748, slip op. at 4 (8th Cir. Aug. 11, 1993). We "may reverse the district court's ultimate ruling on the suppression motion, however, if the ruling reflects an erroneous view of the applicable law." Id.
 
 
 8
 The district court did not err by denying appellant's suppression motion. The facts set forth in the affidavit were sufficient to establish that contraband or evidence of crime would probably be found in the cabin. Even assuming, however, that the warrant was not adequately supported by probable cause, the good faith exception of United States v. Leon, 468 U.S. 897 (1984), would validate the search because the affidavit is not "so lacking in indicia of probable cause as to render any reliance on the warrant unreasonable." United States v. Riedesel, 987 F.2d 1383, 1391 (8th Cir. 1993).
 
 
 9
 Likewise, the district court did not err by refusing to suppress the evidence based on the alleged Rule 41(a) violation. Contrary to appellant's contention, noncompliance with the rule "does not automatically require exclusion of evidence." United States v. Schoenheit, 856 F.2d 74, 76 (8th Cir. 1988). Here, the district court found appellant had not been prejudiced by the fact that Carver obtained the warrant from the Benton Municipal Court judge and that Carver had not acted in bad faith. See id. at 77. Carver's testimony at the suppression hearing supports the district court's findings.
 
 
 10
 Finally, appellant contends the district court clearly erred in its drug quantity determination. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (standard of review). The evidence at the hearing, however, reveals that law enforcement officials discovered 37 marijuana plants in appellant's cabin, and 382 marijuana plants in the adjacent field, for a total of 419. The only conflicting evidence was appellant's "estimate" that approximately 200 plants were in the field and only two were in the cabin. The district court did not clearly err by crediting the testimony of the law enforcement officials and rejecting appellant's estimate. Under U.S.S.G. Sec. 2D1.1(c), in cases involving 50 or more plants, each plant is treated as equivalent to one kilogram of marijuana. Thus, the district court correctly calculated appellant's base offense level as 28. See U.S.S.G. Sec. 2D1.1(c)(8). Appellant's other attacks on the procedures followed at the sentencing hearing lack merit.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas