7 F.3d 1043
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Steven Dean KUHBANDER, Appellant.
 No. 93-1928.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 30, 1993.
Filed: October 7, 1993.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven Dean Kuhbander appeals from the final judgment entered in the District Court[1] for the District of Minnesota after he pleaded guilty to manufacturing marijuana in violation of 21 U.S.C. § 841. The district court sentenced appellant to 63 months imprisonment, 4 years supervised release and a special assessment of $50.00. For reversal, appellant argues the district court erred in finding that the government proved by a preponderance of the evidence that he manufactured more than 50 plants. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 In December 1992 Kuhbander, pursuant to a plea agreement with the government, pleaded guilty to one count of manufacturing marijuana. There was, however, a disagreement between Kuhbander and the government as to the number of marijuana plants that should be considered when determining Kuhbander's sentence. The government contended that Kuhbander manufactured between 100 and 400 plants. Kuhbander admitted that he manufactured less than 50 plants. The government agreed that Kuhbander should receive a reduction for acceptance of responsibility. The presentence investigation report (PSR) indicated a base offense level of 26, and recommended that the district court not grant a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because Kuhbander refused to admit that he was manufacturing more than 50 plants, resulting in a total offense level of 26. With a criminal history category of IV (consisting of mostly DWIs), the applicable Guidelines range was 92 to 115 months.
 
 
 3
 After a hearing where both parties introduced evidence concerning the number of plants Kuhbander was manufacturing, the district court found that over 100 but less than 200 marijuana plants existing on the property were part of a marijuana growing operation, and therefore set the base offense level at 26. United States v. Kuhbander, No. Cr. 3-92-103, slip op. at 2 (D. Minn. Mar. 29, 1993) (statement of reasons). The district court also found that Kuhbander was entitled to a two-level reduction for acceptance of responsibility, resulting in a total offense level of 24. Id. The district court concluded that the PSR overstated Kuhbander's criminal history, and reduced it by two points to a category III. Id. As a result, the applicable Guidelines range was 63-78 months. The district court then sentenced Kuhbander to 63 months, to be followed by a four-year term of supervised release. The district court also ordered Kuhbander to pay a $50.00 special assessment.
 
 
 4
 We review a district court's drug quantity determination for clear error, see United States v. Clark, 980 F.2d 1143, 1147 (8th Cir. 1992), and "[w]here there are two permissible views of the evidence, the [district court's] choice between them cannot be clearly erroneous." See Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985). The government does, however, have the burden to establish by a preponderance of the evidence, using reliable evidence, the number of marijuana plants manufactured by Kuhbander. See United States v. Malbrough, 922 F.2d 458, 464 (8th Cir. 1990), cert. denied, 111 S. Ct. 2907 (1991).
 
 
 5
 At sentencing, the government introduced substantial evidence that Kuhbander was cultivating marijuana plants. Officers found 160 marijuana plants inside a chain-link fence that enclosed a portion of the "back yard," and 80 marijuana plants outside the fenced area but still on Kuhbander's property. Officers also found many of the plants tied to stakes or the fence for support and empty, but used, potting cups in the area. Inside Kuhbander's house, officers found plants drying in the garage, a small marijuana plant growing in a shower, sacks of stems from harvested marijuana plants, plastic bags containing marijuana, an Ohaus triple-beam scale, marijuana residue, marijuana seeds, and partially burned marijuana stems in the fireplace. Based on this evidence, we conclude that the district court's determination that Kuhbander was responsible for manufacturing at least 100 but less than 200 plants was not clearly erroneous.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota