# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3274

_____

United States of America,                 *
                                      *

    Plaintiff - Appellee,        *   Appeal from the United States
                                        *   District Court for the
                                        *   Northern District of Iowa.
    v.                        *
                                        *   **[UNPUBLISHED]**

Lawrence Stanley Held,        *
                                        *

    Defendant - Appellant.      *

_____

Submitted:  April 9, 2001

Filed:  April 13, 2001

_____

Before McMILLIAN and LOKEN, Circuit Judges, and GOLDBERG,[*] Judge.

_____

PER CURIAM.

      A jury convicted Lawrence Stanley Held of possession of methamphetamine with intent to distribute and conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. He was sentenced to concurrent terms of 135 months in prison, concurrent five-year terms of supervised release, and a $200 fine. Held appealed, his appellate counsel filed a brief pursuant to Anders v. California, 386 U.S.

_____

[*]The HONORABLE RICHARD W. GOLDBERG, Judge, United States Court of International Trade, sitting by designation.

738 (1967), and Held filed a *pro se* supplemental brief raising additional issues, including alleged ineffective assistance of counsel. After we affirmed without considering the ineffective assistance claims, Held filed this petition for post-conviction relief under 28 U.S.C. § 2255. The district court[1] denied the petition and granted a certificate of appealability on two issues -- whether Held's trial counsel was ineffective for failing to request a new trial based on the admission of evidence of a drug transaction, and whether Held's appellate counsel was ineffective for failing to appeal the admission of that evidence. Upon *de novo* review, we affirm. Fields v. United States, 201 F.3d 1025, 1026 (8th Cir. 2000) (standard of review).

Held was arrested on May 8, 1996, after picking up a package from United Parcel Service containing one pound of methamphetamine. At the time of the arrest, police found in Held's pocket a motel receipt dated May 26, 1995, with the handwritten notation, "PHONE CALL DAYS INN ½ Grams Sold $60.00 Me owe $30." At trial, the district court admitted the receipt into evidence over Held's objection that it was irrelevant as too remote in time. Held contends that trial counsel was ineffective for failing to move for a new trial because the receipt was inadmissible under Rule 404(b) as prior bad acts evidence, or at least requesting a limiting Rule 404(b) instruction. However, the indictment alleged a drug distribution conspiracy from 1994 to June 10, 1996. The receipt is evidence of a May 1995 drug transaction and is therefore admissible as direct evidence of the charged conspiracy, not prior bad acts evidence subject to Rule 404(b)'s limitations. United States v. Kinshaw, 71 F.3d 268, 270-71 (8th Cir. 1995) (notes describing drug transactions admissible as direct evidence of participation in drug conspiracy); United States v. Brown, 956 F.2d 782, 786 (8th Cir. 1992) (evidence of drug sale during period of drug conspiracy admissible as direct evidence of conspiracy). Held contends there was no evidence linking him to the conspiracy as early as May 1995. We doubt that would affect the document's

[1]The HONORABLE MARK W. BENNETT, Chief Judge, United States District Court for the Northern District of Iowa.

admissibility as direct evidence of the conspiracy, but in any event the contention is inaccurate because the document itself is evidence of Held's participation at that time.

Because the motel receipt and handwritten note were admissible as direct evidence, a request for a Rule 404(b) limiting instruction and a motion for a new trial on Rule 404(b) grounds would have been meritless. United States v. Brownlee, 890 F.2d 1036, 1039 (8th Cir. 1989). Likewise, raising the Rule 404(b) issue on appeal would have been fruitless. Held's trial and appellate attorneys acted reasonably in not pursuing claims we find to be without merit. Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994). In addition, counsel's failure to raise the issue at trial or on appeal did not prejudice Held's defense. Therefore, Held cannot satisfy either part of the familiar ineffective-assistance-of-counsel standard under Strickland v. Washington, 466 U.S. 668, 687 (1984).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.