# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1172

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Juan Negrete Santana, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 30, 2008
Filed: May 5, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Juan Negrete Santana of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court granted his motion for judgment of acquittal. The government appeals. Having jurisdiction under 18 U.S.C. § 3731, this court reverses and remands.

On May 3, 2006, an Iowa state trooper stopped a vehicle near Onawa, Iowa. Alberto Maldonado-Gutierrez was driving. Negrete was the only passenger. The car was registered to Carlos Lima, an alias of Maldonado. The trooper immediately noticed several air fresheners, which can signal the presence of narcotics. The trooper interviewed Maldonado and Negrete separately. Although both stated they were

driving from Omaha to Sioux City, Iowa, they gave inconsistent statements about the purpose of the trip, the specific destination within Sioux City, and their relationship to each other. While being questioned, Negrete appeared extremely nervous – his hands were shaking, he held and repeatedly looked at a religious card, and his heart was beating quickly. After a drug-detection dog alerted to narcotics, officers searched the vehicle. They found meth concealed within the center console (not visible without lifting its plastic liner). A small amount of meth was also found in Negrete's sock. Maldonado and Negrete were arrested.

After Negrete was in custody, Officer Salvador Sanchez questioned him (in Spanish). Negrete said he had made two previous trips to Sioux City with Maldonado, receiving $100 per trip. During one trip, Negrete wrote street names, in English, on a map of Sioux City (found during the search of the vehicle). Negrete said the purpose of the current trip was to collect drug money, and that he expected again to be paid $100. He stated that he did not know their specific destination within Sioux City, and that on the two prior trips, he had been dropped off at public places before Maldonado collected money. Although he had been warned that Maldonado was involved in drugs, Negrete repeatedly insisted that he had never seen Maldonado with drugs and denied knowing meth was in the vehicle roughly 19 times.

Negrete was charged with one count of possession with intent to distribute meth. At trial, the government presented the testimony of the trooper, Officer Sanchez, and another officer who assisted with the search of the vehicle. Negrete was the only defense witness. Although he repeated most of what he told the officers when arrested, there were some minor inconsistencies, including that he actually knew their specific destination within Sioux City and was paid only $50, not $100, for the first trip. Negrete admitted lying to the officers because Maldonado asked him to as the trooper approached the vehicle. He reiterated he had no knowledge that the meth was in the vehicle.

The jury found Negrete guilty. The district court granted his motion for judgment of acquittal, finding insufficient evidence to prove beyond a reasonable doubt that Negrete knew meth was in the vehicle. The government appeals.

Under Rule 29(a), a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." **Fed. R. Crim. P. 29(a)**. This court reviews "the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Piwowar*, 492 F.3d 953, 955 (8th Cir. 2007) (internal quotation marks and citation omitted). A court should not weigh the evidence or assess the credibility of witnesses. *United States v. Hernandez*, 301 F.3d 886, 889 (8th Cir. 2002). The standard is very strict, and this court "will reverse the conviction only if we conclude that no reasonable jury could have found the accused guilty beyond a reasonable doubt." *United States v. Beck*, 496 F.3d 876, 879 (8th Cir. 2007).

The government argues that the evidence at trial was sufficient for a reasonable jury to find Negrete guilty of possession of meth with intent to distribute, based on an aiding-and-abetting theory. *See United States v. Clark*, 980 F.2d 1143, 1146 (8th Cir. 1992) ("It is well established that a defendant may be convicted of aiding and abetting even though he was not charged in that capacity."). "To sustain a conviction for aiding and abetting with intent to distribute drugs, the government must prove: (1) that the defendant associated himself with the unlawful venture; (2) that he participated in it as something he wished to bring about; and (3) that he sought by his actions to make it succeed." *United States v. McCracken*, 110 F.3d 535, 540 (8th Cir. 1997) (internal quotation marks and citation omitted). Mere association between a principal and the defendant is not sufficient, nor is mere presence at the scene and knowledge that a crime was to be committed. *United States v. Ellefson*, 419 F.3d 859, 863 (8th Cir. 2005). However, "jurors can be assumed to know that criminals rarely welcome innocent persons as witnesses to serious crimes and rarely seek to perpetrate felonies

before larger-than-necessary audiences." ***Id.*** (internal quotation marks and citation omitted).

Negrete focuses on the numbered elements of aiding-and-abetting as set out in the jury instruction in this case (which was based on the model instruction). *See* **Eighth Circuit Model Criminal Jury Instruction § 5.01**. Negrete, echoing the district court, asserts there is no evidence that he knowingly acted to aid possession-with-intent-to-distribute (the second element), or that he intended to possess controlled substances with the intent to distribute (the third element). Negrete analogizes the facts of his case to those in *United States v. Mendoza-Larios*, 416 F.3d 872 (8th Cir. 2005)*, United States v. Fitz*, 317 F.3d 878 (8th Cir. 2003), and *United States v. Pace*, 922 F.2d 451 (8th Cir. 1990). In each of these cases, the defendant was convicted of possession of a controlled substance with intent to distribute, and this court reversed, based on insufficient evidence of knowing possession of the controlled substance. ***Mendoza-Larios***, 416 F.3d at 873; ***Fitz***, 317 F.3d at 879-80, 883; ***Pace***, 922 F.2d at 452-53.

The government focuses on the traditional elements of aiding-and-abetting: the defendant (1) associated himself with the unlawful venture; (2) participated in it as something he wished to bring about; and (3) sought by his actions to make it succeed. *See*, *e.g.*, ***Nye & Nissen v. United States***, 336 U.S. 613, 619 (1949), *quoting* ***United States v. Peoni***, 100 F.2d 401, 402 (2d Cir. 1938); ***United States v. Blaylock***, 421 F.3d 758, 773 (8th Cir. 2005); ***Ellefson***, 419 F.3d at 863; ***McCracken***, 110 F.3d at 540; ***United States v. Clark***, 980 F.2d 1143, 1146 (8th Cir. 1992); ***United States v. Lanier***, 838 F.2d 281, 284 (8th Cir. 1988); ***United States v. Brim***, 630 F.2d 1307, 1311 (8th Cir. 1980); ***United States v. Wiebold***, 507 F.2d 932, 934 (8th Cir. 1974); ***Mays v. United States***, 261 F.2d 662, 664 (8th Cir. 1958). *See also* ***Hernandez***, 301 F.3d at 890, *citing* ***United States v. Brownlee***, 890 F.2d 1036, 1038 (8th Cir. 1989) (adding the element that the defendant shared the criminal intent of the principal); ***United States v. Roan Eagle***, 867 F.2d 436, 445 (8th Cir. 1989), *quoting* ***Johnson v. United***

*States*, 195 F.2d 673, 675 (8th Cir. 1952) (aider and abettor must share in the criminal intent of the principal).

Although the parties approach the issue differently, the law is clear, as expressed in the first and third paragraphs of the jury instruction in this case:

> A person may be found guilty of possession with the intent to distribute a controlled substance even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of possession with the intent to distribute a controlled substance.
> . . .
> For you to find the defendant guilty of possession with the intent to distribute a controlled substance by reason of aiding and abetting, the Government must prove beyond a reasonable doubt that all of the elements of possession with the intent to distribute a controlled substance were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

Thus, in an aiding-and-abetting case, the government is not required to prove that the defendant possessed the controlled substance. *United States v. Castro-Gaxiola*, 479 F.3d 579, 583 (8th Cir. 2007); *United States v. Mendoza*, 421 F.3d 663, 669 (8th Cir. 2005). *See also* *United States v. Frorup*, 963 F.2d 41, 43 (3d Cir. 1992); *United States v. Salazar*, 958 F.2d 1285, 1292 (5th Cir. 1992); *United States v. Clark*, 928 F.2d 733, 736 (6th Cir. 1991); *United States v. Valencia*, 907 F.2d 671, 678 (7th Cir. 1990); *United States v. Poston*, 902 F.2d 90, 94 (D.C. Cir. 1990); *United States v. Ginsberg*, 758 F.2d 823, 832 (2d Cir. 1985). The *Mendoza-Larios*, *Fitz*, and *Pace* cases are inapposite, as the insufficiency rulings were based on the lack of evidence of knowing possession. *Mendoza-Larios*, 416 F.3d at 873; *Fitz*, 317 F.3d at 883; *Pace*, 922 F.2d at 452. Those cases focused exclusively on knowing possession, which is not an element of aiding-and-abetting. Here, in contrast, aiding-and-abetting was specifically argued and instructed, and it can provide a sufficient basis for upholding the verdict.

In this aiding-and-abetting case, the government must prove Negrete associated himself with the unlawful venture, participated in it as something he wished to bring about, and sought by his actions to make it succeed. *See Nye & Nissen*, 336 U.S. at 619. The evidence must show that Negrete shared in Maldonado's criminal intent. *Brownlee*, 890 F.2d at 1038.

Viewing the evidence most favorably to the verdict, there was sufficient circumstantial evidence for a reasonable jury to conclude that Negrete aided and abetted possession with intent to distribute meth. The government presented evidence that Negrete: (1) knew Maldonado was a drug dealer; (2) knew the purpose of the trip to Sioux City was to collect drug money; (3) was to receive $100 for the trip; (4) had previously accompanied Maldonado on two trips to Sioux City, receiving payment for each;[1] (5) lied to officers at the scene (at Maldonado's request) and in post-*Miranda* statements; (6) appeared extremely nervous during the entire stop; and (7) had meth in his sock. This evidence was sufficient for a reasonable jury to conclude that Negrete shared Maldonado's criminal intent by associating with and participating in the unlawful venture and attempting to make it succeed. *See Blaylock*, 421 F.3d at 773 (evidence was sufficient to support conviction for aiding and abetting possession of meth with intent to distribute where defendant knew the purpose of the trip was to purchase meth and introduce him to dealing illegal drugs, and defendant assisted by cashing two checks and driving the vehicle).

The judgment is reversed, and the case remanded to reinstate the jury verdict.

_____

_____

[1]The district court gave a limiting instruction regarding Negrete's prior trips, advising the jury that "there is no evidence in relation to whether this defendant has committed some kind of crime in the past and that that is not evidence that he committed such a crime in this case."