# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1427

_____

United States of America,

    Appellee,

        v.

Michael Rasavanh,

    Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: September 23, 2008
Filed: November 5, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

After a jury convicted Michael Rasavanh of one count of conspiring to distribute methamphetamine, *see* 21 U.S.C. §§ 841, 846, one count of distributing methamphetamine, *see* 21 U.S.C. § 841, and one count of possession of methamphetamine with the intent to distribute it, *see id.*, the district court[1] sentenced him to 151 months' imprisonment. He appeals.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

We first address Mr. Rasavanh's contention that when the City of Des Moines Police Department destroyed certain physical evidence that might have assisted him in his defense, it denied him due process of law. The Supreme Court has held that a failure to preserve potentially exculpatory evidence is a denial of due process only if the state acted in bad faith. *See California v. Trombetta*, 467 U.S. 479, 488-89 (1984); *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988). Here the district court made a finding that the evidence was destroyed because of an honest mistake, namely because there was no pending state prosecution and state officials had not determined whether there was a pending federal prosecution. This is a factual determination, and we cannot say that the district court was clearly erroneous in reaching it, especially since Mr. Rasavanh produced no evidence of bad faith.

Mr. Rasavanh also argues that the evidence was insufficient to support the jury's verdict. We review the sufficiency of the evidence *de novo*, and view the evidence and inferences therefrom in the light most favorable to the government. *United States v. Santana*, 524 F.3d 851, 853 (8th Cir. 2008). We will reverse a conviction "only if we conclude that no reasonable jury could have found the accused guilty beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). Mr. Rasavanh asserts that there was insufficient evidence regarding the type, purity, and quantity of the drugs seized because the jury was not shown the actual drug evidence. The government, however, called analysts from the Iowa Division of Criminalistics Laboratory to testify about the type, purity, and quantity of the seized drugs, and Mr. Rasavanh's girlfriend testified that the defendant provided her with drugs to sell. The jury was justified in relying on this testimony. Viewing the evidence in the light most favorable to the government, there was sufficient evidence for a reasonable jury to find Mr. Rasavanh guilty.

Mr. Rasavanh next argues that the district court erred in applying a preponderance of the evidence standard in determining the quantity of the drugs for which he should be held responsible for sentencing purposes. But we have held

numerous times that the preponderance standard is the proper one in these circumstances. *See, e.g., United States v. King*, 518 F.3d 571, 575 (8th Cir. 2008). There is no error here.

Mr. Rasavanh also challenges the district court's imposition of a two-level enhancement for obstruction of justice because he committed perjury. U.S.S.G. § 3C1.1. A defendant commits perjury if he testifies falsely about a material matter and does so willfully. *See United States v. Whiting*, 522 F.3d 845, 849-50 (8th Cir. 2008). During the trial, Mr. Rasavanh testified that he never sold methamphetamine to anyone and he denied knowledge of the drugs and drug paraphernalia found in his home. Based on these specific denials, the district court determined that Mr. Rasavanh testified falsely on a material matter, that the false testimony was willful, and that it was intended to deceive. Because there was significant evidence contradicting Mr. Rasavanh's account, we see no error in this determination.

Finally, Mr. Rasavanh maintains that he was entitled to safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The safety valve provision allows a district court to impose a sentence without regard to the statutory minimum sentence if the defendant meets certain requirements. *See* 18 U.S.C. § 3553(f). The district court held that Mr. Rasavanh was not qualified for safety valve relief because he failed to provide the government all of the information and evidence that he had concerning his offenses. *See* U.S.C. § 3553(f)(5). Mr. Rasavanh relies on *United States v. Brack*, 188 F.3d 748, 762-63 (7th Cir. 1999), arguing that his trial testimony and his offer to talk to government officials should qualify him for relief. In *Brack*, the Seventh Circuit held that a defendant's written statement, if it was true, combined with his written offer to submit to a government interview, which the government refused, would qualify him for safety valve relief. *Id.* But contrary to Mr. Rasavanh's contention that his trial testimony should be considered a disclosure similar to the written disclosure in *Brack*, the district court determined in this case that Mr. Rasavanh testified falsely during trial by specifically denying ownership of

methamphetamine and drug paraphernalia found in his house. As we have already held, this finding was not clearly erroneous. *See United States v. Romo*, 81 F.3d 84, 85-86 (8th Cir. 1996). The trial court therefore did not err in refusing to give Mr. Rasavanh safety valve relief.

Although Mr. Rasavanh's crimes of conviction were correctly stated in his presentence investigation report and he was sentenced accordingly, we note that the judgment misstates his conviction on count five of the indictment as being for distribution of methamphetamine. We therefore remand with instructions to correct the judgment to state that Mr. Rasavanh was convicted on count five for "possession with the intent to distribute five grams or more of methamphetamine." *See* 21 U.S.C. § 841.

We affirm the judgment of the district court in most respects, remanding only for the above-mentioned correction to the crime of conviction in count five.

_____