# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1227

_____

United States of America,                    *
                                             *
          Plaintiff – Appellee,              *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Southern District of Iowa.
Julie Beasley, also known as Julie A.        *
Beasley,                                     *    [UNPUBLISHED]
                                             *
          Defendant – Appellant.             *

_____

Submitted: November 20, 2009
Filed: December 4, 2009

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Julie Beasley guilty of conspiracy to commit mail fraud, mail fraud, engaging in a transaction in criminally derived property, and conspiracy to commit money laundering. The district court[1] sentenced her to 96 months. Beasley appeals her conviction and sentence, arguing that the evidence presented at trial was insufficient to support the jury's verdict and that the district court erred by denying her

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

motion for a downward variance and granting the government's motion for an upward variance.

Beasley does not dispute that a mail fraud and money laundering scheme occurred at the Quad City Times, but she contends that there was insufficient evidence that she had knowledge of the crimes and of any agreement to commit the crimes. We review the sufficiency of the evidence de novo, viewing the evidence and inferences therefrom in the light most favorable to the government. United States v. Santana, 524 F.3d 851, 853 (8th Cir. 2008). We will reverse a conviction "only if we conclude that no reasonable jury could have found the accused guilty beyond a reasonable doubt." Id.

The jury heard evidence that Beasley rented and paid for the post office boxes used to receive the mail fraud proceeds, she opened the bank accounts for the two shell companies at two separate banks, she retrieved and endorsed the checks from the post office boxes, and she obtained and paid for advertising for the shell companies using a fictitious address. The government also presented testimony that Beasley told multiple loan officers that she owned and operated the shell companies. The evidence was sufficient for a reasonable jury to have found that Beasley had knowledge of a conspiracy to commit mail fraud and money laundering, that she acted in furtherance of the conspiracy, and that she engaged in mail fraud and a transaction in criminally derived property.

Beasley also challenges the reasonableness of her sentence, arguing that the district court abused its discretion by denying her request for a downward variance and granting the government's request for an upward variance. We review a district court's sentence, "whether inside or outside the guidelines range, for reasonableness under an abuse of discretion standard." United States v. Ruvalcava-Perez, 561 F.3d 883, 886 (8th Cir. 2009). A district court does not automatically abuse its discretion by varying upward from the advisory guidelines range. When a district court varies

upward, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38 (2007).

Beasley argues that the district court abused its discretion by not giving sufficient weight to the mitigating factors she presented: her lack of criminal history, her degree in nursing, the large amount of restitution she now owes, and the fact that she has a young daughter at home. The record reflects that the district court properly considered Beasley's request, but declined to vary downward based upon the seriousness of her crimes and her conduct since the indictment.

Finally, Beasley challenges the district court's upward variance of nine months from the guideline range. She does not assert that the district court failed to take the § 3553(a) factors into account, but that the upward variance was redundant because the district court had already imposed a two level enhancement for obstruction of justice. At sentencing, the court focused on the seriousness of her crimes, noting that they were "long-standing", "sophisticated", "preyed on the trust" of Beasley's employer, and were motivated by greed. The district court also found that Beasley's obstructionist efforts had exceeded her perjury at trial, which was the basis of her enhancement. While her case was pending, Beasley hoarded forfeitable assets, stripped her residence of fixtures, wrote a letter to the court in which she lied to the judge, and fraudulently used another's credit card without permission. We conclude that the district court did not err by imposing the enhancement and did not abuse its discretion in varying upward under all the circumstances.

Accordingly, the judgment of the district court is affirmed.

_____