# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1763

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jason Lee Harris, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 23, 2011
Filed: October 28, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jason Harris appeals from the judgment entered by the district court[1] following Harris's conviction by a jury for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Harris argues that the evidence was insufficient to support the conviction. We affirm the conviction but remand for further proceedings.

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

I.

At approximately 3:00 a.m. on April 5, 2010, Stacey Hudlemeyer heard yelling between her son and Cody Chavez. She followed her son as he exited their home and saw Chavez and another man standing together outside. Hudlemeyer described the other man, later identified as Harris, as approximately five feet five inches tall with closely shaven blonde hair and wearing a baggy red shirt.

After Chavez stated that the two men had a gun, Hudlemeyer ordered her son to retreat to the front porch while she stood in the driveway. Hudlemeyer stood only a few feet away from Harris and Chavez for five to ten minutes while the argument between her son and Chavez continued. After threatening to shoot both Hudlemeyer and her son, Chavez told Harris to reveal the gun, whereupon Harris pulled out a black handgun and fired one shot near Hudlemeyer's head. After the two men left, Hudlemeyer called the St. Joseph Police Department. The responding officer found a shell casing head-stamped "Winchester .40 caliber S&W" in Hudlemeyer's driveway.

Some two hours later, Officers Gary Hickok and Aaron King encountered Jason Harris and another man exiting the back door of a house. Hickok testified that the two men immediately stopped and took a few steps backward when they saw the uniformed officers. Harris leaned against the door so that his right arm and shoulder were hidden behind it. Hickok then heard a loud thump. Believing that Harris had dropped something, he ordered the men out of the house. Hickok discovered a .40-caliber handgun loaded with four bullets in the magazine and one in the chamber.

Officer King supervised Harris and the other man while Hickok secured the gun found behind the door. King testified that Harris attempted to throw a handgun magazine away from his person after stepping out of the house. King described Harris as having a closely shaven haircut and wearing a red shirt.

-2-

Harris was charged both with being a felon in possession of a firearm and of being a felon in possession of ammunition. He stipulated that he was a convicted felon and that the handgun and ammunition had traveled in interstate commerce. Following a two-day trial, during which Hudlemeyer identified him as the person who had fired the handgun in her presence, the jury found Harris guilty on both counts. The district court sentenced Harris to a 112-month term of imprisonment on each count to be served concurrently.

II.

Harris contends that the government failed to prove that he knowingly possessed a firearm and ammunition. He argues that the evidence presented was circumstantial, contradictory, and insufficient as a matter of law to support a finding of guilt. "We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government, resolving evidentiary conflicts in the government's favor, and drawing all reasonable inferences in favor of the jury's verdict." United States v. Payton, 636 F.3d 1027, 1042 (8th Cir. 2011) (quoting United States v. Kieffer, 621 F.3d 825, 832 (8th Cir. 2010)). We do not weigh the evidence or assess the credibility of the witnesses, and we reverse a conviction only if no reasonable jury could have found the defendant guilty. United States v. Butler, 594 F.3d 955, 964 (8th Cir. 2010) (citing United States v. Santana, 524 F.3d 851, 853 (8th Cir. 2008)).

To convict Harris of being a felon in possession of a firearm or ammunition, the government was required to prove beyond a reasonable doubt (1) that Harris previously was convicted of a crime punishable by a term of imprisonment exceeding one year, (2) that he knowingly possessed a firearm or ammunition, and (3) that the firearm and ammunition had been in or affected interstate commerce. Id. (citing United States v. Maxwell, 363 F.3d 815, 818 (8th Cir. 2004)). In light of Harris's stipulation, only the element of knowing possession was in dispute.

We conclude that, as recounted above, the evidence was sufficient to support the jury's finding that Harris had knowingly possessed a handgun and ammunition. Because both the possession of the handgun and the ammunition occurred at the same time, however, the two counts of conviction should have been merged and Harris should have been sentenced on only one count. See United States v. Richardson, 439 F.3d 421, 422 (8th Cir. 2006) (en banc) (per curiam) (holding that separate convictions arising out of a single act under § 922(g) are multiplicitous).

## III.

The conviction is affirmed and the case is remanded to the district court with instructions to vacate the sentence, merge the two counts of conviction into one count, and resentence Harris based on a single conviction.

_____