# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3689

_____

United States of America

*Plaintiff - Appellee*

v.

Jerome Johnson

*Defendant - Appellant*

_____

No. 12-3691

_____

United States of America

*Plaintiff - Appellee*

v.

Darryl Muldrow

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 27, 2013
Filed: February 13, 2014

_____

Before RILEY, Chief Judge, BYE and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Jerome Johnson and Darryl Muldrow challenge the sufficiency of the evidence supporting their convictions. We affirm.

I

On September 27, 2011, officers of the St. Louis Metropolitan Police Department set up surveillance of the 4400 block of Red Bud Avenue in St. Louis, Missouri. The officers observed a group of individuals, including Johnson, engaging in suspect hand-to-hand transactions on the sidewalk in front of a residence located at 4425 Red Bud Avenue. The officers also observed Muldrow moving about in front of 4425 Red Bud Avenue. During the surveillance, Muldrow paced back and forth on the porch of the residence while visually scanning the street. Muldrow also repeatedly walked forward to converse with the group on the sidewalk and, not turning his back to the street, returned to the porch. At trial, testifying officers described Muldrow's behavior as consistent with acting as a lookout for the group on the sidewalk.

At some point, the officers decided to put an end to the transactions and several surveillance teams converged on the group. Upon seeing police officers, Johnson and Muldrow ran together into the residence at 4425 Red Bud Avenue, which was owned by one of Muldrow's relatives.[1] As Johnson and Muldrow ran into the residence, one officer saw Muldrow had a handgun tucked into the waistband of his pants. A second officer approaching from a different angle saw Johnson had a handgun tucked between his shirt and jacket.

After Johnson and Muldrow ran indoors, officers knocked on the front door of the residence. While waiting for a response, one officer was able to observe the interior of the residence through a window in the front door. The officer observed as Johnson and Muldrow ran down a hallway toward the rear of the residence, where they turned left out of the officer's field of vision. The area into which Johnson and Muldrow turned contains a door to the basement of the residence. Shortly thereafter, Johnson and Muldrow came back into view as they returned to the front of the residence. Anthony Radford, a tenant of the residence, eventually admitted the officers. Radford gave the officers permission to search the residence and commented to them that two individuals had just run up from the basement.

During the search, officers found a table at the bottom of the basement staircase. On the table were two handguns. The handguns were identified at trial as the ones the officers had seen Johnson and Muldrow carrying. The officers also found and seized packages containing marijuana, cocaine base, and heroin on the table next to the guns. The packages smelled strongly of the cologne being worn by Johnson. An expert testified at trial that the amount of drugs seized and manner in which the drugs were packaged were consistent with distribution. The officers arrested Johnson and Muldrow. After the arrest, the officers asked Johnson why he

---

[1]Neither Johnson nor Muldrow were residents of 4425 Red Bud Avenue. Muldrow, however, had frequent access to the residence.

had run from them. Johnson answered he was "on paper for drugs" and did not want to get caught with them.

Johnson and Muldrow were each indicted with, and ultimately convicted of, charges of being a felon in possession of a firearm; aiding and abetting possession of cocaine base with intent to distribute; and possessing a firearm in furtherance of a drug trafficking crime. The district court[2] sentenced Johnson to 125 months of incarceration and, based on Muldrow's status as an armed career criminal, sentenced Muldrow to 260 months. Muldrow and Johnson now appeal their convictions.

II

On appeal, Johnson and Muldrow challenge the sufficiency of the evidence to support the convictions. We review challenges to the sufficiency of the evidence de novo. United States v. Sullivan, 714 F.3d 1104, 1107 (8th Cir. 2013). "We view the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence." Id. (citations and internal quotation marks omitted). "We will reverse a conviction only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (quoting United States v. Wells, 706 F.3d 908, 914 (8th Cir. 2013).

III

A.     Felon in Possession of a Firearm.

Johnson and Muldrow first contend the evidence was insufficient to support their convictions for being a felon in possession of a firearm. To convict an

---

[2]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

individual of being a felon in possession of a firearm, the government must prove the individual (1) was previously convicted of a felony and (2) knowingly possessed a firearm, and (3) the firearm was transported in interstate commerce. 18 U.S.C. § 922(g)(1). Johnson and Muldrow both stipulated to their previous felony convictions and do not dispute on appeal the firearms in question were transported in interstate commerce. Rather, each challenges the finding he possessed a firearm, arguing the testimony of the officers who had observed the handguns on Johnson's and Muldrow's persons were not credible. The argument is inapposite. When reviewing the sufficiency of the evidence, we do not weigh the evidence or the credibility of the witnesses. United States v. Wiest, 596 F.3d 906, 910 (8th Cir. 2010) (citing United States v. Honarvar, 477 F.3d 999, 1000 (8th Cir. 2007)). The testimony of the officers was sufficient to prove Johnson and Muldrow each had a handgun in his possession. Accordingly, the evidence was sufficient to convict both Johnson and Muldrow of being a felon in possession of a firearm.

B.    Aiding and Abetting.

Johnson and Muldrow next contend the evidence was insufficient to prove either aided or abetted the possession of cocaine base with intent to distribute. To convict an individual of aiding and abetting possession of drugs with intent to distribute, the government must prove "(1) that the defendant associated himself with the unlawful venture; (2) that he participated in it as something he wished to bring about; and (3) that he sought by his actions to make it succeed." United States v. Santana, 524 F3d 851, 853 (8th Cir. 2008) (quoting United States v. McCracken, 110 F.3d 535, 540 (8th Cir. 1997)).

Reviewing the evidence in the light most favorable to the verdict, we find it more than sufficient to convict Johnson of aiding and abetting possession of cocaine base with intent to distribute. The presence of the cocaine base, which smelled strongly of Johnson's cologne, next to a handgun which had been seen in Johnson's

possession would support a reasonable inference Johnson had also possessed the cocaine base. So would Johnson's admission he had run from the officers because he did not want to be caught with drugs. In addition, the government offered testimony the amount and packaging of the drugs was indicative of distribution. Further, the officers testified they observed Johnson among the group conducting suspect hand-to-hand transactions. The evidence supports a reasonable inference Johnson associated with the group for the purpose of distributing the cocaine base and Johnson, by possessing the cocaine base, sought for the distribution to succeed.

Muldrow's conviction is also supported by sufficient evidence.[3] Muldrow's actions support a reasonable inference he had associated himself with the unlawful activities of Johnson and the group on the sidewalk. Muldrow repeatedly spoke with the group on the street, fled into 4425 Redbud Avenue with Johnson, and stored the gun he was carrying next to the gun and cocaine base Johnson had been carrying. In addition, Muldrow's actions in continually visually scanning the neighborhood, and the testimony that Muldrow's behavior was consistent with acting as a lookout, support a reasonable inference Muldrow was participating in the unlawful activities of the group and, by acting as a lookout, seeking for them to succeed.

C.      Possession in Furtherance of Drug-trafficking.

Johnson's and Muldrow's convictions for possessing a firearm in furtherance of a drug trafficking crime are supported by sufficient evidence. In order to convict an individual for possession of a firearm in furtherance of a drug trafficking crime, "the government must prove a nexus between the possession of the firearm and the underlying drug crime." United States v. Kent, 531 F.3d 642, 652 (8th Cir. 2008)

---

[3]Muldrow contends the evidence was insufficient because the cocaine base was not found in his possession. This argument is also inapposite. "[I]n an aiding-and-abetting case, the government is not required to prove that the defendant possessed the controlled substance." Santana, 524 F.3d at 854.

(citing United States v. Close, 518 F.3d 617, 619 (8th Cir. 2008)). The underlying crime here is aiding and abetting the possession of cocaine base with intent to distribute. Johnson and Muldrow carried their firearms while Johnson had the cocaine base on his person and Muldrow acted as a lookout, both of which were done to further the distribution of the cocaine base. The nexus requirement is clearly established here.

IV

For the reasons set forth above, the judgment of the district court is affirmed.

_____