# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1729

_____

United States of America

*Plaintiff - Appellee*

v.

Wesley B. Wyatt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 18, 2016
Filed: April 4, 2017

_____

Before RILEY,[1] Chief Judge, WOLLMAN and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

A jury found Wesley Wyatt guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[2] sentenced Wyatt to a prison term of 262 months. On appeal, Wyatt contends the indictment charged him with receipt (not possession) of a firearm, and thus the district court should have granted his motion for judgment of acquittal because the government failed to carry its burden of proving where and when Wyatt received the gun. Wyatt also argues the district court erred by applying the Armed Career Criminal Act (ACCA) enhancement under 18 U.S.C. § 924(e), because a jury never found beyond a reasonable doubt his prior convictions occurred on different occasions. We find no merit in either argument, and we affirm Wyatt's conviction and sentence.

## I.    BACKGROUND

On September 18, 2013, the Kansas City Police Department (Missouri) received a call from Lisa Hayes about a domestic disturbance at her apartment. Officers arrived at the scene within a few minutes to find Hayes—Wyatt's girlfriend and roommate—waiting for them outside. Hayes told the officers she had just been in an argument with Wyatt that "escalated to a point where he pulled a gun, pointed it at her," and said something to the effect of "'If you don't leave, I will kill you.'" The officers then canvassed the surrounding area for roughly 20 minutes, but had no luck locating Wyatt and returned to the apartment. They were discussing the matter outside when Hayes, who had returned inside during the search, yelled from her porch that Wyatt was sitting on the couch inside the apartment. The officers arrested Wyatt "without incident," though they could not find the gun before taking Wyatt to headquarters for booking.

Two hours after the first report, dispatch received another call from Hayes. Hayes told the police Wyatt's sister had contacted her, saying "the thing" was in the

---

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

mailbox and that she needed to "take care of it" for Wyatt. Sure enough, when Hayes found Wyatt's keys and looked in the mailbox she found a loaded .38-caliber Derringer pistol. Hayes had never seen the gun before that night, but Wyatt had told her within the last week that he had purchased a gun and hidden it outside the apartment. A detective subsequently discovered two calls Wyatt had made from the detention center after he was detained that corroborated Hayes's story. In the first recorded call, Wyatt indicated there was "[s]omething serious in that mailbox" that needed to be retrieved. In the second call, Wyatt told his sister: "I got a gun in the mailbox. Get it out of there 'cause [Hayes] just called the police on me."

On September 20, Wyatt was charged with being a felon who "did knowingly possess, in and affecting interstate commerce, a firearm." See 18 U.S.C. §§ 922(g)(1), 924(a)(2). A grand jury indicted Wyatt on that same charge less than one month later. The indictment read:

> On or about September 18, 2013, in the Western District of Missouri, the defendant, WESLEY WYATT, having been convicted of crimes punishable by imprisonment for a term exceeding one year, did knowingly possess, a firearm, . . . which had been transported in interstate commerce.

Wyatt's case proceeded to trial, and the government put forth evidence establishing the above narrative before resting its case. Wyatt stipulated to two additional points. First, the recovered gun was operable and "manufactured by Davis Industries in the State of California." Second, he "had sustained at least one conviction for which he could receive a term of imprisonment greater than one year, otherwise known as a felony conviction." Wyatt moved for a judgment of acquittal, see Fed. R. Crim. P. 29(a), arguing "the indictment [did] not charge Mr. Wyatt with possessing any firearm 'in or affecting commerce,' but only with possessing a firearm that 'had been transported in interstate commerce.'" (Citing 18 U.S.C. § 922(g); United States v. Singletary, 268 F.3d 196, 199 (3d Cir. 2001)). Thus, "[g]iven the

interstate nexus alleged in the indictment," Wyatt claimed, "the government was obligated to prove receipt, rather than mere possession, of the firearm."[3] Unconvinced by Wyatt's interpretation, the district court denied the motion. The jury found Wyatt guilty.

The United States Probation Office prepared a Presentence Investigation Report (PSR), and determined Wyatt had a total offense level of 34, criminal history category of VI, and advisory sentencing range of 262 to 327 months. See generally United States Sentencing Guidelines (Guidelines). The PSR also found Wyatt was subject to the ACCA enhancement, which replaced Wyatt's ten-year maximum sentence with a fifteen-year minimum sentence. See 18 U.S.C. § 924(a)(2), (e). Wyatt objected on the basis that some of the predicate convictions stemmed from a single trial, and no jury ever found beyond a reasonable doubt that the offenses were "committed on occasions different from one another" as the ACCA requires. Id. § 924(e). At the sentencing hearing, Wyatt's counsel candidly acknowledged to the district court that "there is Eighth Circuit case law against [Wyatt] on this issue," and explained he was preserving his objection "for the purpose of appellate review in the event at some point the law does change in our favor." The district court overruled the objection, and then sentenced Wyatt to a bottom-of-the-Guidelines range of 262 months imprisonment. Wyatt appeals. See 28 U.S.C. § 1291 (appellate jurisdiction).

## II.    DISCUSSION
### A.    Motion for Judgment of Acquittal
Wyatt first argues the district court should have granted his motion for judgment of acquittal, a decision we review de novo. See United States v. Griffith, 786 F.3d 1098, 1102 (8th Cir. 2015). Normally, we assess such an argument by asking "whether the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Here the parties do not dispute the evidence in the traditional, qualitative-

---

[3]The government does not suggest it submitted sufficient proof of receipt.

and-quantitative sense. Instead, they quarrel over whether the evidence must be weighed against the elements for possession of a firearm or receipt of a firearm. Our rather straightforward task is to determine whether the indictment sufficiently charged Wyatt with the crime for which he was convicted: unlawful *possession* of a firearm. See 18 U.S.C. § 922(g)(1); United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002) ("'An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.'" (quoting United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993))). The criteria we use to assess the adequacy and clarity of an indictment have been repeatedly expressed in our cases:

> "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution."

Id. (quoting Fleming, 8 F.3d at 1265).

We are satisfied Wyatt's indictment sufficiently charged him with unlawful possession of a firearm. To begin, we find persuasive the plain language of the indictment, in which we find the word "possess" and discover no mention of "receipt." To ignore this and somehow read "receipt" into the indictment despite its conspicuous absence would be unreasonable.

Furthermore, we note the indictment set forth the necessary elements for unlawful possession when it charged that Wyatt (1) had "been convicted of crimes punishable by imprisonment for a term exceeding one year," and (2) "did knowingly possess[] a firearm" that (3) "had been transported in interstate commerce." See 18 U.S.C. § 922(g)(1); United States v. Johnson, 745 F.3d 866, 869 (8th Cir. 2014). Wyatt takes issue with the fact the indictment failed to allege the statutory language

that he possessed a firearm "in or affecting commerce." 18 U.S.C. § 922(g). The argument goes, he must have been charged with receipt because the indictment quoted the interstate language associated with that crime instead—"transported in interstate . . . commerce." Id. We have made clear "'a court may not insist that a particular word or phrase appear in the indictment when the element is alleged "in a form" which substantially states the element.'" United States v. Villarreal, 707 F.3d 942, 957 (8th Cir. 2013) (quoting United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988)). We agree with the government that "by alleging that the firearm was transported in interstate commerce, the indictment stated the particular method by which the firearm had been in, or affected, commerce." Thus the indictment "substantially states the element." Id.; see, e.g., Johnson, 745 F.3d at 869 ("To convict an individual of being a felon in possession of a firearm, the government must prove . . . the firearm was transported in interstate commerce."); United States v. Carter, 270 F.3d 731, 733-35 (8th Cir. 2001); United States v. Hubbard, 61 F.3d 1261, 1269 (7th Cir. 1995) (rejecting a virtually identical argument); cf. United States v. Mosby, 60 F.3d 454, 456 (8th Cir. 1995) ("The phrase 'in or affecting commerce' is a term of art that indicates a congressional intent to invoke the full extent of its commerce power.").

Lastly, the record convinces us the indictment fairly informed Wyatt of the felon-in-possession charge he was facing. See Hernandez, 299 F.3d at 992. In addition to the plain language of the indictment itself, the criminal complaint was for unlawful possession. In multiple pretrial motions Wyatt acknowledged he "was indicted for unlawful possession of a firearm." Wyatt never requested a bill of particulars to clarify any perceived lack of clarity. See Fed. R. Crim. P. 7(f). Nor did Wyatt object to the government's proposed jury instructions, which framed the charge as one of unlawful possession. Wyatt's own proposed voir dire questions included a statement that "[t]he charges against [Wyatt] include an allegation that he is prohibited from possessing a firearm." Put simply, Wyatt was indicted for unlawful possession of a firearm, the jury found him guilty of that charge, and there is

sufficient evidence to support that finding. The district court was correct to deny Wyatt's motion for judgment of acquittal.

## B. Application of the ACCA Enhancement

Wyatt alternatively argues the district court erred by applying the ACCA enhancement, another issue we review de novo. See United States v. Ramsey, 498 F. App'x 653, 654 (8th Cir. 2013) (per curiam). The ACCA establishes a fifteen-year minimum prison sentence for any person who violates § 922(g) and "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Here, the PSR and district court found Wyatt to be an armed career criminal under § 924(e) given: a 1984 conviction for robbery, two 2001 convictions for drug-related offenses that were charged separately but sentenced together, and a 2012 conviction for second-degree attempted robbery.

No jury ever found these convictions were "committed on occasions different from one another," and Wyatt contends it was improper for the district court to make this determination given that it converts his statutory maximum sentence into a higher mandatory minimum sentence. See Alleyne v. United States, 570 U.S. ___, ___, 133 S. Ct. 2151, 2160 (2013) (noting "a fact increasing either end of the [sentencing] range produces a new penalty and constitutes an ingredient of the offense," and "a jury [must] find those facts beyond a reasonable doubt"); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). But see Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998) (deeming prior convictions a sentencing factor for the court to consider rather than a criminal element the jury must find). We have faced and unequivocally rejected Wyatt's exact argument before. See, e.g., United States v. Harris, 794 F.3d 885, 887 (8th Cir. 2015) ("[R]ecidivism is not an element that must be admitted or proved to a

jury. . . . Whether prior offenses were committed on different occasions is among the recidivism-related facts covered by the rule of Almendarez-Torres."); Ramsey, 498 F. App'x at 654 ("We have previously held the question of whether prior felonies were committed on separate occasions may be resolved by a judge."). As Wyatt seems to recognize, his argument is really "that Almendarez-Torres was wrongly decided" and "8th Circuit case precedent following Almendarez-Torres should be overruled." This we cannot and will not do. See Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel."). The district court was correct to follow our precedent and apply the ACCA enhancement.[4]

## III. CONCLUSION

We affirm Wyatt's conviction and sentence.

_____

_____

[4]It appears Wyatt has at least four convictions that, taken individually, constitute "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Though framed more broadly and vaguely on appeal, Wyatt's argument in the district court was really that the 2001 drug convictions were never found by a jury to be "committed on occasions different from one another," as he claims they needed to be. Id. Even if this argument had merit and the convictions were counted as one, Wyatt would still have three ACCA-qualifying convictions: one in 1984, one in 2001, and one in 2012. See Fed. R. Crim. P. 52(a).