# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3719
_____

United States of America

*Plaintiff - Appellee*

v.

Hubert Carter

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 11, 2019
Filed: February 19, 2020
[Unpublished]
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Hubert Carter pled guilty to unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Carter to 180 months

---

[1]The Honorable Beth Phillips, then District Judge, now Chief Judge for the United States District Court for the Western District of Missouri.

of imprisonment, the mandatory minimum under 18 U.S.C. § 924(e)(1) of the Armed Career Criminal Act ("ACCA").

On appeal, Carter argues the district court violated the Sixth Amendment by determining Carter committed at least three ACCA predicate offenses on different occasions. The Sixth Amendment, as Carter points out, requires any fact that increases the maximum or mandatory minimum penalty for a crime must be submitted to a jury and proven beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 111–12 (2013). Because committing an ACCA predicate offense on three different occasions increases the minimum penalty for his crime, Carter argues a jury — not the court — must determine whether the predicate offenses occurred on different occasions. No jury found Carter committed ACCA predicate offenses on three different occasions. Therefore, he contends his ACCA-enhanced sentence is unconstitutional.

As an initial matter, the underlying premise of Carter's argument is flawed. Under Federal Rule of Criminal Procedure 32(i)(3)(A), "[a]t sentencing, the court may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). Here, the Presentence Report ("PSR") clearly indicates Carter had at least three convictions for six different transactions involving possession with intent to sell, sale of, or distribution of, cocaine. Because Carter did not object to the PSR, and specifically did not object to the dates listed for the prior offenses, the district court did not err in relying on the prior convictions portion of the PSR as findings of fact during sentencing. *See United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015). As such, the Sixth Amendment was not implicated.

Furthermore, our precedent is clear that while it is true "a fact increasing either end of the [sentencing] range produces a new penalty and constitutes an ingredient of the offense," and that "a jury [must] find those facts beyond a reasonable doubt," the Supreme Court has deemed prior convictions a sentencing factor rather than a criminal

element necessitating a jury finding. *See Alleyne*, 570 U.S. at 112, 111; *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998). As we recognized in *United States v. Wyatt*, the implication of Carter's argument is that *Almendarez-Torres* was wrongly decided and our precedent following the case should be overruled, but we have previously "unequivocally rejected" such an argument. 853 F.3d 454, 458–59 (8th Cir. 2017). The district court was correct in following our precedent and applying the ACCA enhancement to Carter's sentence.

The judgment of the district court is affirmed.

_____