# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1387

_____

United States of America

*Plaintiff - Appellee*

v.

Esad Bekric

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 16, 2015
Filed: May 11, 2015
[Published]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury convicted Esad Bekric of Possession with Intent to Distribute Fifty Kilograms or More of Marijuana, 21 U.S.C. § 841(a). Bekric appeals, arguing the

district court[1] improperly admitted evidence of a prior arrest that did not result in a prosecution and improperly excluded as hearsay certain testimony that should have been allowed. Because evidence of the prior arrest tended to prove knowledge, intent, planning, and *modus operandi*, and because the excluded testimony was hearsay, we affirm.

I.

In 2012, officers in Texas stopped Bekric while he was driving a semi tractor pulling a trailer. The trailer, not owned by Bekric, was discovered to have a false wall concealing 1,970 pounds of marijuana custom-wrapped in bundles to fit specific voids behind the wall. Officers arrested Bekric, but prosecutors declined to pursue charges.

In 2013, while driving his own semi tractor pulling his own trailer in Missouri, Bekric exited a highway upon seeing signs indicating he was approaching a drug checkpoint. After he left the highway, officers stopped him for a traffic violation. Bekric claimed to have left the highway due to difficulties with a refrigeration system on his trailer. He also claimed to have documentation of certain repairs. The officer could determine from conditions on the scene—a functional refrigeration system and documents that did not support Bekric's assertions—that Bekric was not telling the truth. During the traffic stop, a drug dog alerted to Bekric's trailer. Officers then searched the trailer and discovered 198 pounds of marijuana custom-wrapped in packages to fit specific voids behind a false wall.

At trial following the 2013 arrest, the government introduced testimony from an officer involved in the 2012 arrest. Bekric objected, but the court allowed the

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

testimony as evidence tending to prove Bekric's knowledge, intent, planning, and *modus operandi* concerning false walls in semi trailers and bundles wrapped to fit specific voids. The district court provided a detailed limiting instruction regarding the scope of the permissible use of this evidence.

Also at trial, Bekric attempted to elicit from an officer involved in the 2013 arrest a description of a different, non-testifying officer's 2013 out-of-court questioning of Bekric. Bekric sought to elicit testimony that the non-testifying officer had asked him to conduct a controlled delivery and that Bekric had agreed to do so. The government objected on hearsay grounds, and the district court excluded the testimony. Later in the trial, Bekric himself testified without government objection that the non-testifying officer asked him to conduct a controlled delivery, that Bekric agreed to do so, but that no such delivery actually took place.

On appeal, Bekric argues it was error to admit evidence of the 2012 arrest and events surrounding that arrest because prosecutors at that time had elected not to pursue charges. Bekric also argues the district court committed error by excluding the Missouri officer's testimony to describe a different officer's 2013 questioning of Bekric and request for Bekric's assistance with a controlled delivery.

II.

"The district court has broad discretion in determining whether to admit or exclude evidence, and we reverse such rulings only for a clear and prejudicial abuse of that discretion." United States v. Robinson, 110 F.3d 1320, 1324 (8th Cir. 1997). The erroneous admission or exclusion of evidence is prejudicial where it has "a substantial influence on the verdict." McDowell ex re. Jones v. Blankenship, 759 F.3d 847, 852 (8th Cir. 2014) (citation and quotation marks omitted). And where the evidence of guilt otherwise is overwhelming, an allegedly erroneous evidentiary ruling is seldom likely to have a substantial influence on the verdict. See United

States v. Carroll, 207 F.3d 465, 472 (8th Cir. 2000) ("In light of this overwhelming evidence . . . we conclude that the admission of evidence of his prior conviction had only a slight impact on the trial, and thus the error was harmless.").

"Federal Rule of Evidence 404(b) . . . 'generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge.'" Robinson, 110 F.3d at 1324 (quoting Huddleston v. United States, 485 U.S. 681, 685 (1988)). For evidence of prior acts to be admissible for the purpose of proving intent, knowledge, planning, or *modus operandi*, the acts must be similar in nature, close in time, and proven by a preponderance of the evidence. Id. In addition, the potential for unfair prejudice must not outweigh the probative value. Id.

The testimony addressing Bekric's 2012 arrest described conduct that was close in time, highly similar, and extremely probative as to the knowledge or planning necessary in the use of false panels and the packaging of marijuana to fit into specific voids. Arguments to the contrary lack merit. Bekric argues the evidence was not established by a preponderance of the evidence and risked undue prejudice that outweighed the probative value. He couples his prejudice argument with a claim that the prosecutor, in closing arguments, specifically asked the jury to use the Rule 404(b) evidence for an improper purpose.

Regarding the proof of Bekric's prior conduct and arrest, Bekric argues that because he was neither indicted nor tried, the prosecutors in 2012 must have concluded probable cause was lacking. Bekric argues the lack of an indictment precludes future decisionmakers from finding by a preponderance of the evidence that the prior conduct took place. Bekric's argument misses the mark. The testimony admitted at trial to describe Bekric's prior arrest sufficed to establish by a preponderance of the evidence that Bekric drove a truck in 2012 found to contain similarly concealed and wrapped packages of marijuana. A prior exercise of

-4-

prosecutorial discretion in Bekric's favor does not limit a future court's ability to hear evidence and draw conclusions.[2]

Regarding Bekric's claims of unfair prejudice related to the Rule 404(b) evidence, Bekric ignores the district court's limiting instruction. He also attempts to label as unfair a prosecutor's statement inferring he knew of the drugs in 2012 and therefore is more likely to have known of the drugs in 2013. Such a statement is not unfairly prejudicial; it speaks directly to the permissible purpose for which the evidence was admitted.

To the extent Bekric's argument focuses specifically on the prosecutor's word choice, Bekric appears to present a hybrid prosecutorial-misconduct/evidentiary-error theory. He notes that the prosecutor actually used the colloquialism "fool me once shame on you, fool me twice shame on me." This statement, presented with rhetorical flair and suggesting Bekric affirmatively took steps to "fool" authorities in 2012, could be viewed as prejudicial in some settings. Here, however, it was consistent with the permissible use of the testimony. Further, even if we were to find error, there simply was no prejudice. The evidence establishing Bekric's guilt for the 2013 offense was overwhelming: he owned the trailer with the false wall, exited the highway suspiciously, and lied to officers at the scene.

---

[2]Bekric's argument appears to misconstrue the nature of prosecutorial discretion. The record in the present case does not disclose why the government elected not to pursue charges against Bekric in 2012. The decisionmakers involved in that case did not necessarily doubt their ability to prove the existence of probable cause. They may have concluded that they could not prove Bekric's guilt beyond a reasonable doubt, or they simply may have had other priorities or insufficient resources to invest in Bekric's prosecution. The absence of charges does not make the officer testimony as to one-year-old events insufficient to prove Bekric's prior conduct by a preponderance of the evidence.

Regarding the hearsay issue, we conclude the district court properly excluded the testimony as "an out of court statement offered in evidence to prove the truth of the matter asserted." United States v. Graves, 756 F.3d 602, 604 (8th Cir. 2014). Bekric nevertheless argues the excluded testimony should have been admitted to explain the course of the investigation. See, e.g., United States v. Davis, 154 F.3d 772, 778 (8th Cir. 1998) ("An out-of-court statement is . . . not hearsay if it is offered, not for the truth of the matter asserted, but instead to explain the reasons for or propriety of a police investigation."). Bekric's argument regarding the course of the investigation makes little sense as the bulk of the evidence against him was obtained at the traffic stop. In any event, Bekric himself later testified as to the contents of the same out-of-court conversation. This fact, coupled with the overwhelming nature of the evidence in this case, show that any error related to the hearsay issue was without prejudice.

We affirm the judgment of the district court.

_____