# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-1221
_____

United States of America

*Plaintiff - Appellee*

v.

Juana Arias Aguilar

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa
_____

Submitted: November 17, 2022
Filed: February 24, 2023
_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

A jury convicted Juana Arias Aguilar ("Arias") of conspiring to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Arias appeals her conviction and sentence. We affirm.

# I. Background

In 2019, U.S. Postal Inspector Ryan Brandt investigated a conspiracy that involved the cross-country shipment of methamphetamine. He intercepted a package mailed from Carlos Padilla, aka "Temo," in California to an apartment in Waukee, Iowa, which contained methamphetamine. Inspector Brandt also discovered that residents of the Iowa apartment, including Arias, were wiring money back to California.

In June of 2020, Inspector Brandt interviewed Arias as part of his investigation. Arias admitted she knew the packages arriving at her home contained illegal drugs, although she maintained she was told it was "weed" instead of methamphetamine. Arias also acknowledged the wire transfers she made but claimed she did so at the urging of Karen Camacho, Arias's niece who she considered a daughter. Each time a package was shipped from California, money was wire transferred back to California by individuals in Iowa, including Arias and Camacho. Arias, Camacho, Padilla, and one other individual were charged with conspiracy to distribute 50 grams or more of methamphetamine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

At trial, in addition to Inspector Brandt, the government called Lieutenant Ryan Doty and Sergeant Todd Galetich, who testified about Arias's prior possessions of methamphetamine. Arias attempted to cast doubt on the government's case by placing sole blame on Camacho. The jury found Arias guilty, and after calculating an advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 70 to 87 months of imprisonment, the district court[1] varied downward and sentenced her to 60 months of imprisonment.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

## II.  Analysis

On appeal, Arias contends (1) the evidence was insufficient to support the conviction; (2) the district court erred in admitting evidence of Arias's prior bad acts; (3) the district court failed to credit Arias for acceptance of responsibility; and (4) the sentence was substantively unreasonable.  We address each argument in turn.

### A.  Sufficiency of the Evidence

"We review *de novo* challenges to the sufficiency of the evidence, viewing 'the evidence in the light most favorable to the guilty verdict' and 'granting all reasonable inferences that are supported by that evidence.'"  *United States v. Garbacz*, 33 F.4th 459, 466 (8th Cir. 2022) (quoting *United States v. Johnson*, 745 F.3d 866, 869 (8th Cir. 2014)).  We will reverse "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt."  *United States v. Lussier*, 844 F.3d 1019, 1023 (8th Cir. 2017).

"To convict an individual of conspiracy to distribute a controlled substance under 21 U.S.C. § 846, the Government must prove (1) a conspiracy to distribute methamphetamine existed; (2) the defendant knew about the conspiracy; and (3) the defendant knowingly became a part of the conspiracy."  *United States v. Lewis*, 976 F.3d 787, 794 (8th Cir. 2020) (quoting *United States v. Bradshaw*, 955 F.3d 699, 705 (8th Cir. 2020)).  "The conspiracy's existence may be proved by direct or circumstantial evidence."  *United States v. Cain,* 487 F.3d 1108, 1111 (8th Cir. 2007) (quoting *United States v. Sanchez-Garcia*, 461 F.3d 939, 945 (8th Cir. 2006)).  "An agreement to join a conspiracy 'need not be explicit but may be inferred from the facts and circumstances of the case.'"  *United States v. Slagg,* 651 F.3d 832, 840 (8th Cir. 2011) (quoting *United States v. Rodriguez-Mendez*, 336 F.3d 692, 695 (8th Cir. 2003)).

Arias does not appear to challenge whether she knew about the existing conspiracy, instead focusing her argument on the third element.  Arias first maintains

the government failed to eliminate reasonable doubt that Camacho acted alone, without the assistance of Arias. Arias also argues law enforcement never inquired as to when Arias discovered the packages contained illegal drugs. According to Arias, this matters because the government failed to prove whether Arias was aware of what the packages contained at the time she made the wire transfers.

The government attempted to prove this element at trial primarily through the testimony of Inspector Brandt. Arias admitted to Inspector Brandt that (1) she knew the packages arriving at her apartment contained illegal drugs; (2) she was aware Padilla, whom she knew as Temo in California, was sending the packages and asking Camacho to wire money in return; (3) Camacho asked Arias to wire money back to California after receiving the packages; and (4) Arias was aware packages from Temo continued to arrive despite Arias telling Camacho to stop participating in the conspiracy. These admissions were also corroborated by the timing of packages containing methamphetamine arriving at Arias's apartment, which were followed by wire transfers by Arias and Camacho. A reasonable jury could have relied on this evidence to find beyond a reasonable doubt that Arias was a knowing participant in the conspiracy to distribute methamphetamine. Therefore, the evidence presented at trial was sufficient to sustain Arias's conviction.

## B. Prior Bad Acts Evidence

Second, Arias argues that the district court erred in admitting evidence of her prior arrests and conviction. "We review the admission of evidence of prior convictions for abuse of discretion." *United States v. Turner*, 781 F.3d 374, 389 (8th Cir. 2015). Even if there is an error, we "will not reverse a conviction if an error is harmless." *United States v. Henderson*, 613 F.3d 1177, 1183 (8th Cir. 2010).

Federal Rule of Evidence 404(b) is a "rule of inclusion," *United States v. Riepe*, 858 F.3d 552, 560 (8th Cir. 2017) (quotation omitted), that "bars a defendant's other crimes or bad acts from being used as character evidence, while permitting such evidence to prove other factors such as motive, opportunity, intent,

-4-

preparation, plan, knowledge, or absence of mistake or accident." *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005). Additionally:

> The evidence must be (1) relevant to a material issue raised at trial, (2) similar in kind and not overly remote in time to the crime charged, (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act, and (4) of probative value not substantially outweighed by its prejudicial effect.

*United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019).

Before trial, Arias moved in limine to exclude certain evidence the government sought to introduce about past instances where law enforcement had investigated and arrested Arias for drug or gun-related activity. This included a 2014 conviction for carrying weapons and a separate arrest that same year for selling methamphetamine. Arias argued these constituted inadmissible prior bad acts under Rules 403 and 404(b). The district court denied her motion in limine but provided limiting instructions to the jury regarding the use of the government's Rule 404(b) evidence.

Arias argues the probative value of the testimony regarding her previous conviction and arrests was substantially outweighed by its prejudicial effect because its only purpose was to prove propensity. We disagree. Arias's prior arrests were "relevant to the material issue of [her] state of mind." *United States v. Davis*, 867 F.3d 1021, 1029 (8th Cir. 2017). The testimony concerning her arrest for possession of methamphetamine was "material and relevant to prove both [her] knowledge of drugs and [her] intent to commit drug offenses . . . ." *United States v. Ruiz–Estrada*, 312 F.3d 398, 403 (8th Cir. 2002); *accord United States v. Bekric*, 785 F.3d 1244, 1246–47 (8th Cir. 2015) (holding a prior arrest for similar conduct was admissible even without a conviction). Because the testimony was relevant to a material issue in the trial and had a non-propensity purpose, the district court did not abuse its discretion by admitting it. This is particularly true considering the limiting instructions given. *See United States v. Williams*, 796 F.3d 951, 960 (8th Cir. 2015).

## C. Credit for Acceptance of Responsibility

Next, Arias contends the district court erred by failing to credit her for acceptance of responsibility under U.S.S.G. § 3E1.1 when calculating her Guidelines range. "We review a district court's denial of an acceptance of responsibility adjustment for clear error. Only in 'rare situations' will a defendant who puts the government to its proof at trial and denies factual elements of guilt warrant this adjustment." *United States v. Patten*, 397 F.3d 1100, 1104–05 (8th Cir. 2005) (quoting U.S.S.G. § 3E1.1 cmt. n.2). "The inquiry is whether the defendant put the government to its proof by denying his factual guilt." *United States v. Dyck*, 334 F.3d 736, 744 (8th Cir. 2003). Putting the government to its proof is different from "raising an insanity defense, or claiming that one's conduct was constitutionally protected, or asserting that one's conduct did not fall within the ambit of the statute." *Id.*

Here, Arias argues that if her statements to Inspector Brandt were sufficient to convict her, then she clearly accepted responsibility. We disagree. While Arias did admit to Inspector Brandt that packages containing illegal drugs were sent to her house and that she wired money to California, at trial she denied her factual guilt. For example, Arias placed blame solely on Camacho by arguing "the Government has really failed to show that . . . Arias had knowledge of what was going on with her daughter's drug trafficking." Arias cannot simultaneously argue that she accepted responsibility, but also had no knowledge or involvement in Camacho's conspiracy. The district court did not err in denying a reduction for acceptance of responsibility.

## D. Substantively Unreasonable Sentence

Finally, Arias asserts her 60-month sentence is substantively unreasonable due to the disparity in sentencing between herself and Camacho. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply

'a deferential abuse-of-discretion standard.'" *United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation omitted). "[W]here a district court has sentenced a defendant below the advisory guidelines range, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" *United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009) (quoting *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009)).

Arias believes her sentence is substantively unreasonable, despite being a downward variance, because co-defendant Camacho is more culpable but received a lesser sentence. However, the co-defendants are not similarly situated for two reasons. First, Camacho had no criminal history, while Arias had a previous arrest and conviction. Second, Camacho accepted responsibility for her actions, while Arias did not. Because Arias's sentence was below her Guidelines range and justified by "precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts," we cannot say the district court abused its discretion. *Feemster*, 572 F.3d at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1095 (D.C. Cir. 2008)).

### III. Conclusion

We affirm the district court's judgment.

_____